J. S. Ridgill and S. F. Mitchell, contra.

---

### LYNN v. FLANDERS, sheriff.

HILL, J. 1. The plaintiff in error sued out a writ of habeas corpus against the sheriff of Laurens county, alleging that he was illegally restrained of his liberty, because the court which tried and convicted him of the crime of murder was not lawfully organized and constituted, and the indictment, trial, conviction, and imprisonment of petitioner were without authority of law, for the reason that the act creating the Dublin circuit (Acts 1911, p. 81), in which the defendant was tried and convicted of murder, was void, and consequently that the grand jury which indicted and the traverse jury which tried him were illegal. When the case of Lynn v. State (the validity of the conviction in which is assailed in the habeas-corpus proceeding) was being tried in the court below, there was a challenge to the array of grand jurors, and also a plea in abatement before arraignment, upon substantially the same grounds as insisted on here, which were overruled by the court below; and that judgment was affirmed by this court. Lynn v. State, 140 Ga. 387 (79 S. E. 29). That decision is conclusive of the legality of the grand jury which indicted the defendant; and inasmuch as the law regarding the selection of grand and traverse jurors is the same (Penal Code, § 856), that decision, in principle, is also controlling as to the legality of the jury which convicted him.

2. There is no merit in the attacks upon the act in question on the ground that it contains matter not covered by its caption, and on the ground that two different subject-matters are dealt with in the same act.

3. There is nothing in the act which is in conflict with the due-process clause or the equal-protection clause of the 14th amendment to the constitution of the United States. State statutes regulating the times when the terms of the superior court shall be held and how jurors shall be drawn, but which do not discriminate against a particular person or class, and afford fair opportunity to be heard, after notice, do not conflict with either of the clauses of the 14th amendment above mentioned. The defendant had due process of law and was afforded equal protection of the laws. Rawlins v. State, 124 Ga. 31 (52 S. E. 1).

Judgment affirmed. All the Justices concur.

MARCH 11, 1914.

Habeas corpus. Before Judge Hawkins. Laurens superior court. July 29, 1913.

*Davis & New,* for plaintiff.

*E. L. Stephens, solicitor-general,* for defendant.