### 19586. GRIER *v.* BALKCOM, Warden.

WYATT, Presiding Justice. The plaintiff in error was tried and convicted of murder without a recommendation. He made his motion for new trial, which was denied. That judgment was brought to this court, and was affirmed. See *Grier* v. *State,* 212 *Ga.* 248 (91 S. E. 2d 749) where a full statement of facts will be found. Thereafter, the plaintiff in error brought his application for habeas corpus in the City Court of Reidsville, alleging that he was being illegally held because his trial had not been legally conducted, for stated reasons. The writ of habeas corpus was denied, and the applicant was returned to the custody of the respondent. The exception here is to that judgment. *Held:*

1. It is first contended that the trial and conviction of the applicant was illegal for the reason that two jurors who served on the jury which found him guilty were not impartial as between the State and the accused, and had made prejudicial statements prior to the trial, and that to have permitted such jurors to serve deprived the applicant of his rights under named provisions of the Constitution of the State of Georgia and the Constitution of the United States. Assuming, without deciding, that these are matters which are properly raised in an application for habeas corpus, this ground of the application is without merit. In *Grier* v. *State,* supra, this court held that the trial court was authorized to find, as it did find, that the alleged prejudicial remarks were not made by the jurors in question. That ruling is controlling upon this application for habeas corpus and is not now open to reconsideration. *Robin-*

*son* v. *Aderhold,* 202 *Ga.* 340 (43 S. E. 2d 262) ; *Andrews* v. *Aderhold,* 201 *Ga.* 132 (39 S. E. 2d 61) ; *Lynn* v. *Flanders,* 141 *Ga.* 500 (81 S. E. 205). This being true, in so far as this case is concerned, the allegations of fact relied upon by the applicant as having denied to him certain constitutional rights were found to be untrue and the alleged events were found not to have occurred. Therefore, the plaintiff in error's position, that he was denied certain rights under the State and Federal Constitutions because of the events which it has been adjudicated did not occur, has no basis in fact and is, of course, without merit. The additional affidavit in the record, which purports to show by an additional witness that one of the jurors made certain prejudicial remarks, is merely cumulative of evidence already before the court in the case of *Grier* v. *State,* supra, and is not sufficient to reopen the question as to whether or not the prejudicial statements were made. There is no merit in this ground of the application for habeas corpus.

2. The applicant next contends that his trial was illegal because one of the jurors who served on the jury that convicted him was related to the deceased. Assuming but not deciding that this is a matter which can be raised upon an application for habeas corpus, it is without merit. It is simply alleged that the juror in question was "related" to the deceased. It is not alleged that the juror was related within the prohibited degree, or in any particular degree. There were counter-affidavits from persons who stated that they knew the juror and the deceased and their family backgrounds, and that they were not related. One of the counter-affidavits was from the juror involved. Upon a habeas corpus proceeding, the judge is the trier of the law and the facts, and his decision, if supported by any evidence, is not subject to review in this court. *Walling* v. *Harris,* 210 *Ga.* 97 (78 S. E. 2d 7) ; *Mathis* v. *Scott,* 199 *Ga.* 743 (35 S. E. 2d 285). Since there is evidence from which the judge was authorized to find that no relationship existed between the juror and the deceased, there is no merit in this contention.

3. The contention that the Superior Court of Hall County was without jurisdiction to resentence the applicant, because he was involuntarily out of the county at the time the resentencing was done, is specifically abandoned. The contention that the accused could not get a fair trial because of alleged

inflamed public opinion, not having been argued in this court, will be considered as abandoned.

4. From what has been said above, it was not error to deny the application for habeas corpus and remand the petitioner to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1957—DECIDED FEBRUARY 12, 1957—
REHEARING DENIED MARCH 13, 1957 AND MARCH 25, 1957.

*Frank B. Stow, Robert E. Andrews*, for plaintiff in error.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Assistant Attorney-General, Jeff C. Wayne, Solicitor-General*, contra.