### 22532. BRANDEIS v. BROOME, Sheriff.

MOBLEY, Justice. The judgment under review is one refusing to discharge the plaintiff in error after hearing on his petition for writ of habeas corpus. In his petition plaintiff alleged illegal and unlawful restraint of his liberty by respondent, the Sheriff of DeKalb County, in violation of his rights under the Constitution of the United States as guaranteed by the 6th Amendment (*Code* § 1-806) and under the Constitution of Georgia, Art. I, Sec. I, Par. V (*Code Ann.* § 2-105) in having been deprived of the privilege, assistance, and benefit of counsel for his defense. The charge as to lack of representation by counsel was that George Brannon, who represented him on an accusation charging him with sodomy to which he entered a plea of guilty and received a sentence of ten years in prison, "had a conflict of interest, and that said attorney was in fact and in substance prosecuting him rather than defending him." *Held:*

"Upon a habeas corpus proceeding, the judge is the trier of the law and the facts, and his decision, if supported by any evidence, is not subject to review in this court. *Walling v. Harris,* 210 Ga. 97 (78 SE2d 7) ; *Mathis v. Scott,* 199 Ga. 743 (35 SE2d 285)." *Grier v. Balkcom,* 213 Ga. 133, 134 (2) (97 SE2d 151). Evidence was offered at the hearing that George Brannon, a lawyer whose ability and integrity are not questioned, and who had been for a number of years a close friend of plaintiff, whom he had supported personally and financially in evangelistic work as a Baptist preacher and had represented as an attorney, was asked by plaintiff to represent him in the criminal charge of sodomy pending against him; that plaintiff admitted his guilt to his attorney and told him that he wanted to plead guilty; that his attorney arranged a meeting with the solicitor general at which time plaintiff told the solicitor general that he was guilty and wanted to plead guilty, and at which meeting the solicitor general explained to him his rights; that a hearing was arranged with the judge for him to enter his plea, at which time upon the call of the case before the court his attorney entered his plea of guilty, which both he and the attorney signed; that the attorney made a plea to the court that the defendant be given the minimum sentence of ten years. It is clear that plaintiff was represented by an attorney in the trial of his case and that he was not deprived of his constitutional right of the privilege, benefit, and assistance of counsel.

We find no merit in plaintiff's contention that his attorney had any conflict of interest and was acting as prosecutor and not as his counsel. The evidence leads to only one conclusion, and that is that George Brannon was prior to and at the time the plea was entered both a loyal friend and dedicated attorney of plaintiff. The plaintiff, who had a long criminal record, while serving as a prisoner in the Florida penitentiary professed Christianity and became a preacher. Leaders in the church in Jacksonville, Florida, and later in Atlanta and other sections of the country assisted in promoting his evangelistic work, which for several years was conducted most successfully in various sections of this country. He became a member of the church of which George Brannon was a member. George Brannon supported him financially and otherwise and served as a director of The Don Brandeis Evangelistic Association until he resigned because he suspected plaintiff of using drugs.

He continued to support him, however. Brannon, the pastor of his church, and other supporters of plaintiff in his work were asked to attend a meeting with the pastor of another church in Atlanta at which the victim, an eight year old boy, and his parents told of the act of sodomy committed upon him by Brandeis. Brannon and other church leaders and friends and supporters of plaintiff in his evangelistic work met and decided to contact him, which they did, and persuaded him to return to Atlanta. Brannon and a committee talked with the solicitor general, who investigated the charge, and had a warrant issued for plaintiff's arrest. He returned to Atlanta, met with Brannon and entered his plea. After this George Brannon, chairman of the board of deacons of their church, moved that the board withdraw fellowship from him. The acts of Brannon in hearing the evidence from the victim of plaintiff's crime, taking the matter to the solicitor general, and after disposal of his case by the court, serving as chairman of the board of deacons of his church in withdrawing fellowship of the church from plaintiff do not show conflict of interest of the attorney. These acts are not inconsistent with the performance of his duties as attorney for plaintiff. The court was fully authorized to conclude from the evidence that the attorney was conscientious, faithful, and loyal to his friend and client, served him to the best of his ability, and served him well in procuring the minimum sentence.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 9, 1964—DECIDED JULY 9, 1964—
REHEARING DENIED JULY 22, 1964.

*Edward B. Everett, George H. Kasper, Jr.,* for plaintiff in error.

*Richard Bell, Solicitor General,* contra.