## 22589.   BALKCOM v. WILLIAMS.

PER CURIAM. Two indictments were returned against Charles P. Williams in Elbert County charging him with the offense

of burglary. One alleged that he burglarized the storehouse and place of business of the Hawes Company, a partnership composed of Peyton S. Hawes and Virginia S. Hawes on the 5th day of January 1961, and the other that he burglarized the storehouse and place of business of the Gallant-Belk Company on the same day. He entered pleas of guilty to both charges on March 7, 1961, and was sentenced to serve a prison term of from 5 to 10 years for each offense, the sentences to run consecutively. On April 15, 1964, he brought habeas corpus against R. P. Balkcom, Warden of the State penitentiary and in his petition alleged that the sentences under which he was being imprisoned were null and void on the ground that he was unlawfully deprived of the right to counsel when arraigned for trial under the indictments. On the hearing he testified that he asked for counsel before entering his pleas of guilty but was advised that he had no need of counsel. He offered no other evidence in support of his application. Clete D. Johnson who represented the State as solicitor general at the time of applicant's arraignment and pleas, testified that he was not in any way denied legal counsel; that he voluntarily entered a plea of guilty to each charge; and that he made no request for legal counsel to represent him. The indictments, the two pleas of guilty and the sentences imposed upon him were introduced in evidence. The presiding judge sustained his application and ordered him released from respondent's custody. The respondent excepted to that judgment. *Held:*

1. It is settled by numerous decisions of this court that where the trial judge is the trier of an issue of fact as in this case and the evidence is conflicting upon the issue of fact involved, his decision will not be controlled by this court where there is any evidence sufficient to support his findings. *Walling v. Harris,* 210 Ga. 97 (78 SE2d 7) ; *Grier v. Balkcom,* 213 Ga. 133 (97 SE2d 151). Applying this ruling in the instant case, the judgment complained of is not for this reason erroneous. See *Balkcom v. Vickers,* 220 Ga. 345.

2. In the instant case the trial judge directed that the applicant be given credit for the time served on the sentences here involved upon any sentence which may be imposed upon the applicant in the event of his conviction for either or both of the offenses for which he was previously sentenced. See the ruling of this court in *Balkcom v. Vickers,*

220 Ga. 345, supra, where it was held that the trial judge in a habeas corpus proceeding is without authority to give such direction and his effort to do so is a nullity.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Candler, Almand and Mobley, JJ., who dissent.*

SUBMITTED SEPTEMBER 14, 1964—DECIDED OCTOBER 13, 1964— REHEARING DENIED NOVEMBER 5, 1964.

*Eugene Cook, Attorney General, Albert Sidney Johnson, Peyton S. Hawes, Assistant Attorneys General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for plaintiff in error.

CANDLER, Justice, dissenting from Division 1. "Presumptions of law are sometimes conclusive, and an averment to the contrary shall not be allowed. These are termed estoppels, and are not generally favored. Among these are the records in favor of a record or judgment unreversed; of the proper conduct of courts and judicial officers acting within their legitimate sphere; of other officers of the law, after the lapse of time has rendered it dangerous to open the investigation of their acts in regard to mere formalities of the law." *Code* § 38-114. The burden of proof in a habeas corpus proceeding is on the petitioner and where the petitioner asserts that he was denied counsel, his uncorroborated statements that he was denied counsel are insufficient to overcome the presumption of regularity of a sentence imposed by a court of competent jurisdiction on a plea of guilty and to satisfy this burden of proof. Where an accused pleads guilty to a criminal offense and afterwards seeks release from prison on the ground that he was denied the benefit of counsel, he has the burden of establishing his contention by a preponderance of the evidence. *Code* § 38-103; *Solesbee v. Balkcom,* 207 Ga. 352 (61 SE 471); Walker v. Johnston, 312 U.S. 275 (5) (61 SC 574, 85 LE 830); and Adams v. McCann, 317 U.S. 269, 281 (63 SC 236, 87 LE 268), where in the case last cited the court said: "If the result of the adjudicatory process is not to be set at naught, it is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstrable

reality." In the present case applicant's testimony supports the allegations of his petition but all of the other evidence, including that of the solicitor general who represented the State when the applicant entered his pleas of guilty, is to the contrary and the mere assertion of the applicant that he was denied the assistance of counsel is not sufficient to carry the burden imposed upon him when contradicted, as here, by all of the other facts and circumstances. Jackson v. Sanford, 79 FSupp. 74 (D. C. Ga.) ; and Scott v. Johnston, 71 FSupp. 117 (D. C. N. D. Calif., 1947), where it was said at page 120: "The dangerous possibilities of a too liberal use of the writ [of habeas corpus] for review purposes are emphasized . . . by the fact that a large percentage of commitments are based upon pleas of guilty. A premium would be placed upon deception if an accused person could plead guilty, wait until the case had become 'cold' and then, by . . . alleging deprivation of constitutional rights, secure a reopening and new trial of his case." And in this connection see also 39 CJS 678, § 100 (2c) where the author says: "The burden is on a petitioner claiming that he was deprived of the right of assistance of counsel to prove such fact . . . and he should make his proof by a preponderance of the evidence; his bare assertion of such deprivation is ordinarily insufficient." Also 39 CJS 669, § 100 (2) where the author says: "On habeas corpus proceedings, the same presumptions are indulged in favor of the validity of the judgment attacked as are indulged in other collateral assaults on a judgment, every intendment is indulged in favor of the judgment of a court of a general jurisdiction, and there is no presumption that the court proceeded to adjudge on matters over which it had no authority, both judgment and sentence are presumptively valid, and a judgment of conviction is presumed to be correct and may not be lightly set aside, the strongest intendments being indulged against the petitioner." In Johnson v. Zerbst, 304 U.S. 458 (58 SC 1019, 82 LE 1461) it was held that a judgment cannot lightly be set aside by collateral attack even in a habeas corpus proceeding, and when collaterally attacked, the judgment carries with it a presumption of regularity and the burden of proof rests upon the petitioner to establish that he did not competently waive his constitutional right to the assistance of counsel.

The petitioner, neither in his petition nor evidence, contends that his plea of guilty was false and that he was innocent of the offense charged. As was held in Franzeen v. Johnston, 111 F2d 817 (6) (9th Cir.), respecting the right to assistance of counsel, there is an important distinction between a plea of guilty and of not guilty since one who pleads his innocence should have the assistance of counsel whether he is able or not to pay for it, but the man who pleads guilty admits he has no defense.

I am authorized to say that Justices Almand and Mobley concur in this dissent.