27107. POLK v. HOLLAND.

HAWES, Justice. Appellant is serving a life sentence imposed upon him after he pled "guilty" to a charge of rape. His application for a writ of habeas corpus was denied and he appealed. In this court he contends that he was deprived of his right to a fair and impartial trial in that the court passed sentence upon him without a trial and without his being aware that he had entered a plea of "guilty" and that the court did not explain to him his rights in the matter. He also contends that he was denied the benefit of effective representation by legal counsel. *Held:*

1. The evidence was in conflict. Appellant's testimony under oath on the trial of the case tended to support his contentions. The attorney who represented him and the district attorney who prosecuted the case testified in contradiction thereof. The substance of their testimony was to the effect that appellant entered a plea of not guilty on the indictment; that when the case was called for trial the jury panel was qualified and 12 jurors were chosen to try the case; that at that time appellant's counsel was handed a list of prior offenses of the appellant; that a private conference then ensued between the appel-

lant and his attorney at which appellant's mother and other relatives were present; that at the conclusion of that conference appellant instructed his attorney to withdraw his plea of "not guilty" and to enter a plea of "guilty" in return for a promise by the solicitor that he would recommend a life sentence. Counsel for the appellant testified that it was his opinion that the appellant definitely knew and fully understood the import of his actions. The transcript of the proceeding at which the guilty plea was entered which was introduced before the habeas corpus court showed that the trial judge carefully inquired of the accused as to whether he fully understood the nature of his acts, and as to whether he freely and voluntarily entered the guilty plea, and as to whether he had had his rights explained to him by his retained counsel. To all of those inquiries by the court the accused replied in the affirmative. The evidence was ample to authorize the habeas corpus court to find that the appellant had not been denied any of his rights, and that he fully understood and freely and voluntarily entered his plea of "guilty." The court did not err in remanding him to the custody of the warden. *Walling v. Harris,* 210 Ga. 97 (1) (78 SE2d 7); *Grier v. Balkcom,* 213 Ga. 133 (2) (97 SE2d 151); *Balkcom v. Williams,* 220 Ga. 359 (1) (138 SE2d 873).

2. Appellant contends that his person and house were searched without a warrant and without probable cause. A careful review of the record fails to reveal that any such contention was made in the trial court. However, since the appellant freely, voluntarily and knowingly entered a plea of "guilty" he waived any objection he may have had to the illegal search. *Goodwin v. Smith,* 226 Ga. 118, 120 (172 SE2d 661); *Snell v. Smith,* 228 Ga. 249, 250 (184 SE2d 645), and cits.

*Judgment affirmed. All the Justices concur.*
Submitted March 15, 1972—Decided May 18, 1972.

Willie James Polk, *pro se.*

Arthur K. Bolton, *Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.