Willie Wright, *pro se.*

27504.   LEE v. SMITH et al.

HAWES, Justice. In habeas corpus cases, the trial judge is the trior of issues of fact, and, where the evidence is conflicting upon an issue of fact, his decision thereon will not be controlled by the Supreme Court if there is any evidence to support his finding. *Walling v. Harris,* 210 Ga. 97 (1) (78 SE2d 7); *Grier v. Balkcom,* 213 Ga. 133 (2) (97 SE2d 151); *Balkcom v. Williams,* 220 Ga. 359 (1) (138 SE2d 873). So, where, as in this habeas corpus case, the petitioner contended that pleas of guilty to two indictments charging him with the offense of rape were entered by his attorney without authority from him and in direct disobedience of his demand for a jury trial, and where the attorney employed by him or on his behalf to defend him against the charges testified by deposition that the decision to enter such guilty pleas was made by the petitioner after several conferences were had between him and his client, and after he had fully advised his client as to his right to a jury trial, the habeas corpus court did not err in finding against the contentions of the petitioner. That finding being authorized, the remaining contentions of the petitioner respecting the alleged denial of a preliminary or formal arraignment hearing, and the denial of a hearing to fix bail prior to trial, relate to matters which were waived by the valid guilty plea, and, therefore, they constitute no ground for reversing the judgment remanding the petitioner to the custody of the warden. *Goodwin v. Smith,* 226 Ga. 118, 120 (172 SE2d 661); *Snell v. Smith,* 228 Ga. 249, 250 (184 SE2d 645). The judge did not err in remanding the petitioner to the custody of the warden.

*Judgment affirmed. All the Justices concur.*

Submitted October 10, 1972—Decided December 4, 1972.