## 30502. HARRIS v. HOPPER.

HALL, Justice.

Pursuant to the provisions of the 1975 Amendment to the Habeas Corpus Act (Ga. L. 1975, p. 1143 et seq.), this court on September 30, 1975, voted to grant Harris' application for an appeal from the Tattnall Superior Court's denial of his petition for habeas corpus. The court was primarily concerned with Harris' allegation that "since the petitioner was held in jail for lack of bail for one hundred and fifty-two (152) days before being brought to trial, he contends that this was a violation of his constitutionally guaranteed right to a speedy trial." Actually, Harris was never "brought to trial"—instead, on May 18, 1974 he pleaded guilty to three counts of armed robbery, two counts of aggravated assault, and one count of murder. However, he alleged that he was imprisoned continually from his arrest on these and other charges on December 19, 1973, and that he was not indicted on the instant charge until May 8, 1974. Thus, he claims that he was denied a speedy indictment.

We note initially that nothing in the record nor the briefs amplifies the portion of Harris' claim concerning the denial of bail sufficiently for us to decide whether he was denied bail entirely, or whether he was allowed bail but could not afford to post it. In the latter event, he has no

recourse here on habeas corpus; in the former event, because he was charged with armed robbery and murder, the superior court was authorized to exercise its discretion to deny him bail. Code Ann. § 27-901.

We move to the question of speedy indictment, which is an aspect of the Sixth Amendment right to speedy trial—a fundamental right which applies to the states through the Fourteenth Amendment. Klopfer v. North Carolina, 386 U. S. 213 (87 SC 988, 18 LE2d 1) (1967). A criminal defendant's Sixth Amendment right to be free from inordinate delays in indictment has been recognized at least since United States v. Ewell, 383 U. S. 116 (86 SC 773, 15 LE2d 627) (1966). In that case, however, the Court decided that "[w]e cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial." 383 U. S., p. 120

In speedy trial decisions, the court has emphasized that the denial of speedy trial may work to a defendant's advantage, and therefore there is no per se prejudice to a defendant from delay, nor is there any specific number of days or months within which he must be tried. Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). Factors to be considered are the length of the delay, the reason for the delay, the defendant's assertion of the right, and actual prejudice to the defendant. Id.

However, the Supreme Court, reversing the Fifth Circuit, has recently emphasized that for purposes of speedy trial we begin to "count" from the date of arrest if that precedes indictment, as here, and time from arrest to indictment is added to time from indictment to trial: "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." Dillingham v. United States, —- U. S. —- (96 SC 303, 46 LE2d 205, 207) (1975). Accord, United States v. Marion, 404 U. S. 307, 321 (92 SC 455, 30 LE2d 468) (1971).

Thus, applying this Dillingham procedure, we have here an indictment delay from (assertedly) December 19, 1973 until May 8, 1974—less than five months. We note

that two attorneys were appointed to represent Harris on January 11, 1974; and that the record amply shows that these attorneys proceeded thereafter to represent him vigorously. Examining the Barker v. Wingo factors other than length of delay, we find the record shows no reason whatever for the delay; it shows no assertion whatever by Harris or his two attorneys of a right to speedy indictment; and it contains absolutely no allegation that the delay in any way prejudiced Harris' right to a fair trial.

We conclude that Harris' claim here that this delay violated his Sixth Amendment speedy trial right is spurious. See United States v. Ewell, 383 U. S., supra, p. 120 (delay of 19 months).

Though we have chosen to consider the merits of the "speedy indictment" claim, we reemphasize that Harris pleaded guilty 10 days after indictment and never was tried. We do not have here any claim that indictment delay so injured the defense as to coerce a guilty plea. A "speedy indictment" claim, like other non-jurisdictional defects in pre-trial proceedings, is waived by the entry of a voluntary and intelligent guilty plea. See Tollett v. Henderson, 411 U. S. 258, 267 (93 SC 1602, 36 LE2d 235) (1973); McMann v. Richardson, 397 U. S. 759 (90 SC 1441, 25 LE2d 763) (1970); United States v. Sepe, 474 F2d 784 (5th Cir. 1973). The record amply supports the conclusion of the habeas corpus that the plea was voluntarily and intelligently entered. Contrary to Harris' claim, the absence of a "Boykin" record is not per se fatal to the state's attempt to, show the plea to have been voluntary. *Roberts v. Greenway*, 233 Ga. 473, 475 (211 SE2d 764) (1975). The speedy indictment claim is, thus, additionally without merit for the reason that it was waived by the entry of the guilty plea.

Having raised only four points in his habeas petition and at the hearing held thereon, Harris nonetheless enumerates here 16 errors, some involving wholly new claims. We have reviewed all enumerations and the entire record, and find no cause for reversal. The record supports the habeas court's determinations concerning those claims raised in the petition and at the hearing; and those not raised earlier will not be allowed to be raised for

the first time on this appeal. *Watson v. State,* 227 Ga. 698, 699 (182 SE2d 446) (1971).

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs specially and Gunter, J., who dissents.*

SUBMITTED NOVEMBER 12, 1975 — DECIDED FEBRUARY 2, 1976 — REHEARING DENIED MARCH 2, 1976.

Walter Lee Harris, *pro se.*

*Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.