## 31694. REED v. THE STATE.

NICHOLS, Chief Justice.

This is a companion case to *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976). Reed was tried and convicted for two counts of burglary, two counts of armed robbery and two counts of murder. He was sentenced to two 20-year terms and four life terms to run concurrently.

The same witnesses testified in this case for the state as testified in Birt's trial. The evidence was the same except that Reed was identified by Carswell Tapley as the person with "Jim Gordon" when he came to Louisville for Tapley to point out the Fleming residence, but that Reed did not go to Wrens with them.

1. The eleventh enumeration of error complains of the failure to sever Indictment No. 23 from the remaining indictments, and the first enumeration of error complains of the sufficiency of the evidence to support the conviction for the burglary of the Haymon residence alleged in Indictment No. 23 occurring on Friday night. The state sought to prove one continuing conspiracy involving both the Friday night burglary and the Saturday night burglary and murder. There was slight circumstantial evidence of a general conspiracy as to both the Friday night and Saturday night occurrences, but it failed to connect Reed to the conspiracy until sometime Saturday when Birt, Reed and Gaddis went to Davis' used car lot to pick up a car for use on Saturday night. It was not error to deny the motion to sever.

The only evidence linking Reed with the offense on Friday night was the testimony of Billy Wayne Davis. He testified that Reed was in the motel room in Atlanta on Friday about noon when Birt summoned him there to borrow a car to "take care of some business" that night; that Birt went with Davis to get the car; and that Birt and Gaddis returned the car Saturday with the fruits of the Haymon burglary in the trunk of the car. There was no evidence of Reed's leaving the motel with Birt, Gaddis or Davis. The direct and circumstantial evidence was insufficient to exclude every reasonable hypothesis (Code § 38-109); therefore, the conviction on Indictment No. 23 must be reversed. See *Smith v. State,* 230 Ga. 876 (199

SE2d 793) (1973).

2. Enumerations of error 2 through 7 complain of the sufficiency of the evidence to sustain the convictions on Indictment Nos. 24, 25, 26 and 27 and the convictions of more than one armed robbery. We have carefully reviewed the record in this case and find the verdicts supported by the evidence except as to the two armed robberies charged in Indictment Nos. 25 and 26.

In *Birt v. State,* 236 Ga. 815, 827, supra, this court held: "Although the state sufficiently established the taking of the money, the state was unable to show in this case from which victim the money was taken. Under these circumstances, the trial judge did not err in overruling the motion to require the state to elect. Apparently no jury instructions regarding this matter were requested and none were given. Under the circumstances of this case and in view of the lack of evidence on this point, one conviction for armed robbery should be set aside upon remand. See *Creecy v. State,* 235 Ga. 542 (5) (221 SE2d 17) (1975); *Jackson v. State,* 236 Ga. 98 (222 SE2d 380) (1976)."

3. The eighth and ninth enumerations of error contend the trial court erred in not granting appellant's motion for change of venue. The appellant's motion is predicated on pre-trial publicity and the fact that two of the co-defendants had previously been tried, convicted and received the death penalty.

This court, in the recent case of *Coleman v. State,* 237 Ga. 84 (1) (226 SE2d 911) (1976) and *Street v. State,* 237 Ga. 307 (II) (227 SE2d 750) (1976), in a thorough analysis of the due process issue under both the State and Federal Constitutions, concluded that: " . . . under the decisions of the Supreme Court of the United States, to find that the petitioner did not receive a fair trial, petitioner must show (1) that the setting of the trial was inherently prejudicial or (2) that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible. The appellant . . . has shown neither." *Street v. State,* supra, at p. 311. We find no error in the denial of the motion for change of venue.

4. The tenth enumeration of error contends that the trial court erred in denying an in-camera inspection of the files of the district attorney in this case pursuant to his

motion for discovery. Although the enumeration of error relates to the entire motion, the trial court did grant part of the motion. In addition, appellant had the trial transcript of his two co-defendants who had previously been tried. The appellant makes no contention that any particular evidence was withheld, but that under the Brady ruling, he is entitled to search the prosecution's files.

In *Hicks v. State*, 232 Ga. 393, 396 (207 SE2d 30) (1974), this court held: "In our view, Brady does not require the prosecution to open its file for general inspection by the defense or for pre-trial discovery."

The trial court ordered that anything favorable to appellant be turned over to his counsel, including any criminal record of prosecution witnesses be given counsel. Therefore, it was not error to deny the remainder of the motion.

5. The twelfth enumeration of error contends it was error to sustain an objection to a question asked of a defense witness as to his income. In *Northwestern University v. Crisp*, 211 Ga. 636, 641 (88 SE2d 26) (1955), this court held: "The general rule is that evidence of the wealth or worldly circumstances of a party litigant is never admissible, except in those cases where position or wealth is necessarily involved."

The same rule of law would apply to witnesses, and the trial court did not err in its ruling that: "I will not subject this witness to questions concerning his financial status as well as his earning capacity as being relevant to the trial of this case."

6. Enumerations of error 13 and 14 contend it was error to allow witnesses Davis and Leisher to testify as to statements made by Birt and Gaddis concerning the details of the crime made out of appellant's presence. The appellant also contends the criminal enterprise had ended and not in furtherance of any alleged conspiracy.

In *Crowder v. State*, 237 Ga. 141, 152 (227 SE2d 230) (1976), it was held: "Under our law 'the pendency of the criminal project' includes the accomplishment of the crime itself. It may also include acts performed and declarations made after the commission of the crime [cits.], one of which is concealment of the identity of the

perpetrators."

The statements testified to by Davis were made during a return trip to the scene of the crime to recover a pistol left there because it could be traced to Davis. This statement related to efforts to conceal the identity of the conspirators and was still within the conspiracy.

The testimony was within the exception to the hearsay rule as stated in Code § 38-306 and it was not error to admit it. *Evans v. State,* 222 Ga. 392, 402 (150 SE2d 240) (1966); *Orkin v. State,* 236 Ga. 176, 194 (223 SE2d 61) (1976); Dutton v. Evans, 400 U. S. 74 (91 SC 210, 27 LE2d 213) (1970).

7. The fifteenth enumeration of error contends the charge on felony murder was error because the court did not go further and instruct that if appellant was found guilty of felony murder, they could not convict for the felony. The appellant was charged with malice murder and the jury returned a verdict of guilty.

In *State v. Estevez,* 232 Ga. 316, 320 (206 SE2d 475) (1974), this court held: "An accused may be prosecuted for each crime arising from the same conduct. The proscription is that he may not be convicted of more than one crime if one crime is included in the other."

Under the charge as given, the jury was authorized to convict of either malice murder or felony murder. The jury did not specify under which of the two theories it found the appellant guilty, but simply returned a verdict of "guilty." The evidence in this case authorized a verdict of guilty of felony murder and the appellant must be given the benefit of the doubt. The supporting felony, armed robbery in this case, would be a lesser included offense and must be vacated. See *Burke v. State,* 234 Ga. 512, 515 (216 SE2d 812) (1975).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED NOVEMBER 23, 1976 — DECIDED FEBRUARY 23, 1977 — REHEARING DENIED MARCH 8, 1977.

*Charles S. Hunter,* for appellant.
*H. Reginald Thompson, District Attorney, Arthur K.*

*Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.