## 32367. ADDISON v. THE STATE.

HALL, Justice.

This is an appeal from a life sentence for armed robbery imposed following a guilty plea.

On June 21, 1976 the appellant, Melvin Alphonso Addison, was indicted along with two others for the offenses of malice murder, armed robbery, and aggravated assault. Addison entered guilty pleas to all three charges. He received life sentences on the murder and armed robbery charges and ten years on the aggravated assault charge; the sentences were to run consecutively.

On appeal, Addison attacks only the armed robbery conviction. He contends it is a lesser included offense of the murder conviction, requiring that his life sentence for armed robbery be vacated. He argues that the present case is controlled by this court's decisions in *Reed v. State,* 238 Ga. 457 (233 SE2d 369) (1977); *Tarpkin v. State,* 236 Ga. 67 (222 SE2d 364) (1976); *Burke v. State,* 234 Ga. 512 (216 SE2d 812) (1975); and *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974). He does not contend that his guilty plea was involuntary or unintelligently made.

In *Estevez,* supra, at 320, we interpreted Code Ann. §§ 26-505 and 26-506 to mean that a defendant may be *prosecuted* for each crime arising from the same conduct, but may not be *convicted* of more than one crime if one crime is included in the other. See also *Pryor v. State,* 238 Ga. 698 (234 SE2d 918) (1977). In *Tarpkin* and *Burke,* supra, we held that armed robbery may be a lesser included offense of malice murder as a matter of *fact* where a defendant is a conspirator in an armed robbery scheme and a murder occurs as a probable consequence of that armed robbery. Where the defendant is not the killer, and where the only method by which malice may be imputed to defendant is by showing his participation in the armed robbery, the armed robbery is an included offense as a matter of fact, though not as a matter of law. In both *Tarpkin* and *Burke* the sentences imposed for the lesser included offense of armed robbery were vacated; but the determinations that those particular circumstances were present were made after full trials at which the facts

surrounding the crimes were shown by evidence.

The record for review in this case is minimal because Addison pled guilty to all three indictments and did not go to trial. The malice murder indictment and the armed robbery indictment do not indicate that they were related, but the parties charged were identical, the dates of the crimes were identical, and the murder victim and the armed robbery victim were identical. Addison acknowledged being part of a conspiracy to commit armed robbery, during the course of which the robbery victim was killed. He and his counsel stated to the judge who received the plea that he had driven the getaway car and had never entered the building. However, this was merely their contention, and was urged solely as grounds for asking the judge to run the sentences concurrently. No argument was ever made that one offense was included in another. Indeed, Addison stated in his counsel's presence that he was in fact guilty of all three crimes.

An accused's decision not to go to trial but instead to enter a guilty plea to the charges, or to some negotiated version thereof, obviates the development of evidence of the crime. He forgoes his chance to convince the jury that matters occurred as he contends they did. It is not necessarily true that Addison could not have been convicted at trial of the armed robbery, because even if he drove the getaway car it is not necessarily true that the state would have been able to show no malice on his part save his participation in the robbery scheme (which would have made the armed robbery an included offense). Armed robbery is not an included offense of malice murder as a matter of law. Addison's guilty plea foreclosed the state's opportunity to show its version of what actually happened, and Addison cannot now be allowed to contend that this court must accept his version of unproved facts.

Addison urges that he should be allowed to introduce the transcripts of his co-defendants' trials to prove the facts for which he contends. This is without precedent. The facts shown at other people's trials are not binding on him nor on the state. They are immaterial to this inquiry and are inadmissible.

Addison's attempted challenge to his guilty plea

must fail, because it does not fall within the very limited scope of those allowable. In Brady v. United States, 397 U. S. 742, 750 (90 SC 1463, 25 LE2d 747) (1970), McMann v. Richardson, 397 U. S. 759, 770 (90 SC 1441, 25 LE2d 763) (1970), and Parker v. North Carolina, 397 U. S. 790 (90 SC 1458, 25 LE2d 785) (1970), the United States Supreme Court dealt at length with the effect of a guilty plea on a later assertion of a claimed violation of constitutional rights. The principle recognized in the Brady trilogy is that once a defendant has solemnly admitted in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. Tollett v. Henderson, 411 U. S. 258, 267 (93 SC 1602, 36 LE2d 235) (1973). He is limited to whether "the advice he received from counsel was . . . within the standards set forth in McMann." Tollett v. Henderson, supra, 411 U. S. at 267. We have recognized this principle and applied it in several Georgia decisions. See, e.g., *Harris v. Hopper,* 236 Ga. 389, 391 (224 SE2d 1) (1976) (guilty plea waives speedy indictment claim); *Hooks v. State,* 233 Ga. 149 (1) (210 SE2d 668) (1974) (guilty plea waives claim of invalid jury selection and grand jury composition); *Polk v. Holland,* 229 Ga. 169 (2) (190 SE2d 35) (1972) (guilty plea waives illegal search claim).

There are cases in which one who had pleaded guilty may go behind the plea to show some supervening illegality of overwhelming proportions. For example, in Menna v. New York, 423 U. S. 61 (96 SC 241, 46 LE2d 195) (1975) and in Blackledge v. Perry, 417 U. S. 21 (94 SC 2098, 40 LE2d 628) (1974), otherwise valid guilty pleas were permitted to be set aside because the state charges were in violation of the Federal Constitution's double jeopardy provisions. In Blackledge, the United States Supreme Court distinguished the result it reached from earlier cases giving no relief despite constitutional deprivations, by pointing out that in Blackledge the error "went to the very power of the state to bring the defendant into court to answer the charge brought against him." 417 U. S. at 30.

No such situation presents itself here. Addison

claims no constitutional violation at all, nor does he attack the quality of advice he received from his attorney. He merely wants to have it both ways: the record strongly suggests that he pleaded guilty to avoid a possible death sentence on the murder charge; having succeeded, he would now like to gain the additional advantage of some possibly favorable facts brought out at the trials of his co-defendants who took their chances with the jury. However, he has adduced nothing which would invalidate his guilty plea to armed robbery.

The sole enumeration of error is without merit and the conviction will be affirmed.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., and Hill, J., who dissent.*

SUBMITTED JUNE 3, 1977 — DECIDED
SEPTEMBER 8, 1977.

*Fred L. Belcher,* for appellant.

*Vickers Neugent, District Attorney, Terry R. Barnick, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

HILL, Justice, dissenting.

In order for a guilty plea to be valid, the record must show that it was voluntarily and understandingly entered. Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1968). Where a defendant charged with first degree murder pleads guilty to second degree murder without being informed that intent to kill is an element of the crime being admitted, the guilty plea is not understandingly entered and is invalid. Henderson v. Morgan, 426 U. S. 637 (96 SC 2253, 49 LE2d 108) (1976).

In the case before us the defendant was not informed that if he was not the actual perpetrator and if he pleaded guilty to malice murder, he need not also plead guilty to the lesser included crime of armed robbery. See *Burke v. State,* 234 Ga. 512 (216 SE2d 812) (1975). As a consequence, this defendant entered two guilty pleas when, had he been properly informed, one was enough. He

was sentenced to serve life in prison for murder and also on an unnecessary lesser included offense. No sane person would understandingly do that. His plea to the lesser included offense was not understandingly entered and is invalid.

The majority say that the record does not show that the defendant did not conspire to commit murder. That burden is on the state to show from the record. Boykin v. Alabama, supra. I therefore dissent.