## S91A0680. ASHLEY v. THE STATE.
### (405 SE2d 657)

SMITH, Presiding Justice.

The appellant, Johnny Allen Ashley, appeals the admission of statements he made after requesting an attorney.[1] We reverse and remand for a new trial.

A robbery and murder were committed in Clarke County on May 5, 1989. The appellant was a suspect, and Clarke County authorities assisted by Barrow County deputies executed a search warrant on the appellant's Barrow County home. Shortly thereafter, the authorities spotted the appellant driving by and followed his car briefly before pulling him over. He was detained on suspicion of DUI, and was later arrested for unlawful use of a license plate, obstruction, and possession of controlled substances that were found in the earlier search of his home. Approximately two hours later, Clarke County investigators transported the appellant to Clarke County to interrogate him on suspicion of homicide and robbery. The appellant was given *Miranda* warnings en route and upon questioning.

The appellant denied any involvement in the murder. The Clarke County detectives then transported the appellant back to the Barrow County jail, but returned the next day, May 9, with a warrant to obtain hair and blood samples. After the samples were taken, the Clarke County detectives returned the appellant to the Barrow County jail and questioned him again. The questioning by the Clarke County detectives ended when the appellant requested an attorney, but after they left the interrogation room the Barrow County officer who had been in and out returned to the room to "interview him" regarding the possession charge. The Barrow County officer claims he was not in the room when the appellant made his request for counsel, although this is contradicted by the testimony of the Clarke County officer.

During the *Jackson-Denno* hearing the appellant testified that as soon as the officer walked into the room he asked the officer what he

---

[1] The crime was committed on May 5, 1989. On December 4, 1990, appellant filed a motion to suppress certain statements made by him to the police on the basis of an alleged violation of his rights under the Fifth and Sixth Amendments to the United States Constitution. The motion was denied. On December 5, 1990, appellant withdrew his not-guilty plea and entered a guilty plea to Count two only (felony murder), reserving the right to appeal the order admitting his custodial statements. The State entered an order of nolle prosequi on the grounds that further prosecution of the malice murder and armed robbery was not in the interest of justice. The record was docketed in this Court on February 20, 1991. The case was argued on April 16, 1991.

was charged with. The officer testified that he re-entered the interrogation room to interview the appellant and stated that, "I talked to him about the drugs; later on, we got around to the murder charge."

The State contends and the appellant disputes that on May 10, 1989 the appellant informed a jailer that he wanted to speak with the Barrow County investigator. After receiving *Miranda* warnings a brief conversation ensued, and the appellant said he wanted to think about it some more. Two hours later the appellant again was brought to see the investigator. This time Clarke County officers were contacted and they *Mirandized* and interviewed the appellant. At this time the appellant recounted his knowledge of the murder. The appellant was then transported to Clarke County, advised of his rights, and while there he retold his account of the murder on videotape. A Clarke County officer reviewed the tape and attempted to further question the appellant. The appellant again requested an attorney and the interview ended.

1. The appellant asserts that the trial court erred in finding that he initiated further communication with the Barrow County officer after his request for an attorney, and in allowing into evidence the statements he made after his request for counsel.

In *Roper v. State*, 258 Ga. 847, 850 (375 SE2d 600) (1989) (cert. denied 110 SC 290), we stated:

> The U. S. Supreme Court imposed upon law enforcement authorities the duty to maintain a procedure to enable an officer who proposes to initiate an interrogation to determine whether a suspect has previously invoked the right to counsel. . . . "One set of state actors . . . may not claim ignorance of defendants' unequivocal request for counsel to another state actor. . . ."

Here, the appellant clearly requested counsel and the Clarke County officials properly stopped their interrogation. Barrow County law enforcement authorities, however, failed to maintain a procedure to enable their officer to determine whether the suspect had previously invoked his right. The Barrow County officer's testimony established that his only purpose for reentering the interrogation room was to interrogate the appellant. This Court held in *Roper*, supra at 849:

> Under the rule of *Edwards v. Arizona*, [451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981)], and *Michigan v. Jackson*, [475 U. S. 625 (106 SC 1404, 89 LE2d 631) (1986)], once an accused in custody invokes the right to counsel, he should not be subject to further interrogation by the authorities until counsel is present, unless the accused himself initiates fur-

ther communication, exchanges or conversations with the police. [Cit.] If police initiate questioning after the invocation of the right to counsel, any uncounseled waiver of that right is invalid. [Cit.]

Additionally, as Justice Powell of the United States Supreme Court stated in his concurring opinion in *Edwards*, "[t]he ultimate question is whether there was a free and knowing waiver of counsel before interrogation commenced." Id. at 491. We find that the appellant's question did not "initiate" the conversation nor was there a free and voluntary waiver to the right to counsel. To hold otherwise, would cause request for counsel to be meaningless. The police could cease the interrogation, leave the room, re-enter with the intent of further interrogation, and hope that the accused speaks first.

Such a rule would do nothing to safeguard the right of an accused to be free from uncounseled interrogation. In sum, we conclude that the "bright-line" rule of *Edwards* requires that counsel be present during police-initiated interrogations after an accused has invoked the right to counsel. *Roper*, supra at 851.

2. The state alleges that the conversations between the appellant and investigator on May 10, were initiated by the appellant. In support, the State proffered that the investigator was notified by unnamed jailers who said the appellant wished to talk to him. However, the jailers were never identified nor did they testify. Thus, the evidence on this matter is hearsay and inadmissible.

The essence of *Edwards* is to safeguard against the state's continued interrogation of a criminally accused once that accused has requested an attorney, and to preserve the integrity of an accused's choice to communicate with the police through legal counsel. Statements made after the appellant requested counsel are inadmissible.

*Judgment reversed and remanded. All the Justices concur, except Bell and Hunt, JJ., who dissent as to Division 2 and the judgment.*

DECIDED JULY 3, 1991 —
RECONSIDERATION DENIED JULY 24, 1991.

*Albert M. Pearson III*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Senior Assistant Attorney General,* for appellee.