A92A1195. SPRINGSTEEN v. THE STATE.
(424 SE2d 832)

BEASLEY, Judge.

Springsteen pled guilty to possession of cocaine (OCGA § 16-13-30) and was afforded first offender treatment by an order from which he appeals. Two issues are presented, and we rule as follows.

First, the appeal right was adequately preserved. Second, on the merits of whether the search of the person and the seizure of incriminating evidence violated the Fourth Amendment right, the officer's action did not exceed his authority or the scope of the consent voluntarily given by defendant.

As to the right to appeal, the court sufficiently indicated its exercise of discretion to accept the guilty plea on condition that the appellate issues were preserved. The colloquy preceding the entry of the guilty plea was as follows. States counsel: "I believe that Mr. Springsteen wishes to enter a plea of guilty today under the First Offender Act, but he's also wanting to keep open his option of appealing the Court's ruling on the motion to suppress and we have no objection to that at all." State's counsel then stated its version of the facts and the terms of the plea agreement. Appellant's counsel concurred, but expressly conditioned the guilty plea on his client's right to appeal the Fourth Amendment issue: "That's correct, Your Honor, and it's understood that he has a right to preserve his right to appeal." In response to the court's expression of uncertainty concerning the mechanics for preserving the issue for appellate review, appellant's counsel began to explain the case law on the subject. The court interrupted, indicating its approval of the reservation of right: "If you're

satisfied, I'm satisfied."

This is clearly a conveyance of the court's willingness to accept the plea on that basis. That having been settled, the court then proceeded straightaway to move into the precautions for assuring the plea was valid and to accept the plea.

It would be exalting form over substance for us to conclude that the court did not expressly approve the reservation of the issue. No particular language is required.[1] Since the panel case of *Mims v. State*, 201 Ga. App. 277 (1) (410 SE2d 824) (1991), however, the courts should precisely express on the record an approval of the reservation of appellate issues when exercising the discretion to accept the plea. In this case, the obvious fact that the plea was conditioned on the right to appeal the court's search and seizure ruling and that the court agreed to such procedure appears on the record. Thus we address the issue which all parties on the trial level expect us to decide.[2]

Turning to the search and seizure, appellant raises the Fourth Amendment ground, so the search and seizure is measured by it. The evidence is as follows. Sergeant Medlock received a tip from a reliable confidential informant whom he had known for five or six years, and who in the past had always provided accurate information leading to arrests, search warrants, and convictions. The informant stated he had witnessed a black male inside the "Mr. Wonderful" club that night selling drugs at that location. He then provided a physical description of the person and his clothing.

Between ten and thirty minutes after receiving the tip, the police

---

[1] In *Ashley v. State*, 261 Ga. 488 (405 SE2d 657) (1991), the reservation of a right to appeal was acted on by the Supreme Court on the following record. An "entry of guilty plea" form contained a handwritten statement that defendant "reserv[es] right to appeal order admitting his custodial statements." Although signed by the prosecuting attorney, defense counsel and the defendant, and by the clerk as having been filed, no express acceptance by the court was shown on the face of that document or elsewhere. The record on appeal did not contain a transcript of the guilty plea proceeding.

[2] *Blackledge v. Perry*, 417 U. S. 21 (94 SC 2098, 40 LE2d 628) (1974), is explicitly based on the Due Process Clause of the Fourteenth Amendment and expressly not on the Double Jeopardy Clause. That is, North Carolina's attempt to try Perry on a felony assault charge when he was entitled to a trial de novo on a misdemeanor assault charge violated due process because the state had first chosen the less serious charge and could not switch to a more serious charge in a higher court just because defendant elected to go there for trial of the lesser charge. The distinction the Court made is that "[t]he very initiation of the proceedings against him in the Superior Court thus operated to deny him due process of law." Supra at 30-31. In footnote 8 the Court refers to "the very institution of the felony indictment."

A federal double jeopardy claim was held to survive a guilty plea in *Menna v. New York*, 423 U. S. 61 (96 SC 241, 46 LE2d 195) (1975). The reason is that the United States Constitution precludes a state from "haling a defendant into court on a charge" for which he has already pleaded guilty and been punished. The court cautioned, however: "We do not hold that a double jeopardy claim may never be waived." Id. at 63, fn. 2. In Georgia, double jeopardy concerns exceed those of the Fifth Amendment, and might be waived by the unconditional guilty plea, at least insofar as the federal constitution is concerned.

proceeded to the vicinity of the club. After seeing no one outside matching the description provided by informant, they entered the club. Appellant was inside sitting with two or three other 'males. He matched the description given by the informant and was wearing the clothing that had been described. Appellant agreed to accompany the officers outside where he was informed that the police had received a tip about an individual selling drugs, that appellant met the description provided, and that the police "needed to search him." Appellant denied any knowledge about the sale of drugs.

Corporal Cone testified at the suppression hearing that he asked appellant if he could search him. Appellant shrugged his shoulders and said, "okay" in a very low voice, then turned around and voluntarily put his hands on the car in a search position. The officer conducted a pat-down type search and, although feeling no weapons, discovered a small, soft bulge in appellant's left pocket. Suspecting that the bulge could be a small amount of drugs, he reached into appellant's pocket and seized what was subsequently found to be two rocks of crack cocaine. At the time, the officer, by his own admission, was searching for drugs and not weapons; but he also was patting appellant down "for [his own] protection." He knew the bulge in appellant's pocket was not a weapon before he seized it, and that it posed no danger to him.

Pertinent here, the Fourth Amendment guarantees security against unreasonable state-initiated searches and seizures of the person. When the consent of the person to be searched is the authority for the action, the scope of the consent must be measured by all of the circumstances and not only what a person says in response to a request. The type, duration, and physical zone of intrusion is limited by the permission granted, and only that which is reasonably understood from the consent may be undertaken. "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness — what would the typical reasonable person have understood by the exchange between the officer and the suspect? [Cits.]" *Florida v. Jimeno*, 500 U. S. ___ (111 SC 1801, 114 LE2d 297, 302) (1991).

Consent may be as limited as the consenter wishes, and the search may not exceed the reasonably understood parameters. Defendant's shrug of his shoulders, saying "okay," and putting his hands on the police car out in the lane when asked if the officer could search him, could not reasonably be understood to allow search of all body cavities, for example, or even a removal of defendant's clothing.

The suspect is not required to call a halt when the search has gone beyond the scope of consent given; the burden remains on the State to show that the scope of the officer's search did not exceed the permission given.

In *Amato v. State*, 193 Ga. App. 459, 460 (2) (388 SE2d 54) (1989), the court held that the State failed to establish that the search did not exceed the scope of the consent given. The searches and seizures in *State v. Diaz*, 191 Ga. App. 830, 832 (2) (383 SE2d 195) (1989), and in *State v. Corley*, 201 Ga. App. 320 (411 SE2d 324) (1991), were held to suffer the same infirmity. Compare *Gossett v. State*, 199 Ga. App. 286, 287 (1) (c) (404 SE2d 595) (1991), which facts are similar to those in *Jimeno*, supra, in that defendant's knowledge of what the officer was looking for factored into the scope of the consent which was therefor given. Although all of these cases and *Jimeno* involve vehicle searches, the differences in the factual patterns between them and Springsteen's case, involving search of the person, do not render the standard itself inapplicable.

Considering all of the circumstances, the search and seizure did not exceed the scope of the consent given.

*Judgment affirmed. Sognier, C. J., Carley, P. J., Pope, Cooper and Johnson, JJ., concur. McMurray, P. J., Birdsong, P. J., and Andrews, J., dissent.*

BIRDSONG, Presiding Judge, concurring in part and dissenting in part.

Because I believe that the issue raised by appellant is not appealable and because it appears timely to define with greater precision the scope of *Mims v. State*, 201 Ga. App. 277 (410 SE2d 824), I dissent in part. However, I concur fully with the majority's holding that the search and seizure was lawful and not in violation of appellant's Fourth Amendment rights.

I also write because of my concern that the majority has so weakened the precedential value of *Mims*, by finding a tacit approval of a conditional plea to be tantamount to express approval, as to place *primarily* in the hands of attorneys the power to decide conclusively for this court the extent to which a plea of guilty or nolo contendere will serve to waive existing defenses. This matter, hopefully, will be addressed by the Supreme Court so that a definitive answer can be obtained regarding the effect, under existing Georgia law, of a purported conditional plea of guilty.

Appellant filed a motion to suppress certain evidence asserting it was obtained as the result of an illegal search conducted without probable cause. The trial court denied the motion. Subsequently, appellant pled guilty to the offense charged on condition that he be allowed to preserve a right to appeal the denial of the suppression motion. The State expressly agreed to the conditional plea on the record. However, the trial court, in my view, only *tacitly* approved the conditional guilty plea, and expressed a degree of uncertainty to appellant whether the right to appeal a suppression issue could be preserved, as

revealed in the following colloquy: "[ASST. DA]: Okay. . . . Is that your understanding of our plea agreement? [DEFENSE COUNSEL]: That's correct, Your Honor, and it's understood that he has a right to preserve his right to appeal. [THE COURT]: Well, to whatever extent this will preserve it. *I don't know that* — [DEFENSE COUNSEL]: There's a case, Your Honor. . . . [THE COURT]: If you're satisfied, I'm satisfied." (Emphasis supplied.) Thereafter, the plea providency inquiry continued without further reference or express acceptance by the court to the proposed condition, and notwithstanding the trial court's earlier indication of uncertainty, appellant persisted in his plea and did not seek a clarification from the trial court as to whether his plea was being accepted conditionally or unconditionally. After the guilty plea providency inquiry was concluded and the trial court placed appellant on four years probation, under the First Offender Act, with certain terms and conditions of probation as stated in the record, neither the trial court nor defense counsel advised appellant on the record of any right of appeal or of the time limits pertaining thereto.

As a general rule, a plea of guilty unless properly accepted *conditionally* will waive any defenses or objections whether known or unknown, except an appellate issue of whether such plea was voluntarily made and accepted following proper inquiry by the trial court. *Mims v. State*, supra at 279 (1). There exists, however, the following strictly limited exception to this general rule. An appellant "may go behind the plea to show some supervening illegality of overwhelming proportions." *Addison v. State*, 239 Ga. 622, 624 (238 SE2d 411). This exception concerns those cases where the error goes " 'to the very power of the state to bring the defendant into court to answer the charge brought against him.' " Id. As recognized in *Blackledge v. Perry*, 417 U. S. 21, 30 (94 SC 2098, 40 LE2d 628), an unconditional guilty plea does not preclude appeal of a claim of error grounded upon the "right not to be haled into court at all," that is, jurisdictional and generally double jeopardy-type errors. Moreover, *Blackledge*, supra, re-affirms that other claims of error, including claims of " 'antecedent constitutional violations' or of a 'deprivation of constitutional rights that occurred prior to the entry of the guilty plea' " will not be appealable following acceptance of the unconditional guilty plea. Thus, it appears that while a claim of constitutional double jeopardy or lack of jurisdiction (and *perhaps* a claim of violation of Georgia's procedural double jeopardy provisions) generally would survive an unconditional plea of guilty, *Addison*, supra, other non-jurisdictional defects in pretrial proceedings, whether or not of constitutional magnitude, could not be asserted on appeal. *Blackledge*, supra; *Harris v. Hopper*, 236 Ga. 389, 391 (224 SE2d 1); compare *Fuller v. State*, 182 Ga. App. 614 (356 SE2d 554). Accordingly, unless appellant's conditional plea of

guilty was properly accepted, his enumeration of error regarding the trial court's failure to grant his suppression motion cannot be considered on appeal.

In *Mims*, supra, we unequivocally held that "defendants have no right to condition guilty pleas upon reserving the appeal of any issues, and defendants may only reserve the appeal of such issues when the *trial court*, in the exercise of its discretion, *allows* a defendant to do so as part of a negotiated plea. Therefore, unless the trial court *expressly approves* the reservation of the issue and accepts the guilty plea *with that condition*, the issue is not preserved; and an unconditional guilty plea will waive any defenses and objections." (Emphasis supplied.) Even when the State *expressly* agrees with the proposed conditional guilty plea of defendant, as also required by *Mims*, supra at 278 (1), all defenses and objections, as above discussed (including those concerning the legality of searches and seizures) are waived and will not be considered on appeal *unless the record reveals affirmatively* that the remaining requirements of *Mims*, supra, also have been met, i.e., that the *trial court expressly approves the proposed condition and unequivocally accepts the guilty plea with that condition*. Thus, a proposed conditional guilty plea which has been accepted only *tacitly* by the trial court, such as occurred in this case, will not comply with the strict and bright line requirements of *Mims*.

Finally, I question whether an appellant who enters a so-called conditional guilty plea has taken the first genuine step toward rehabilitation. Rather than acknowledging criminal culpability and standing ready to accept lawful and adequate punishment, such an offender seeks to cloak himself in any protective sentencing mantel which a guilty plea affords without relinquishing any entitlement to the legal weapons at his disposal in his unabated quest to overturn the very conviction to which he has entered his plea of purported contrition.

As appellant's sole enumeration of error is, "did the trial court commit error by denying appellant's motion to suppress," which is a nonappealable issue for reasons above discussed, this appeal should have been dismissed. *Mims*, supra.

I am authorized to state that Presiding Judge McMurray and Judge Andrews join in this dissent.

DECIDED NOVEMBER 3, 1992.

*Stephen R. Yekel*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Jon Hope*, Assistant *District Attorney*, for appellee.