## 52545. ARMOUR v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of the sale of marijuana in violation of the Georgia Controlled Substances Act. The indictment, which was returned on March 21, 1975, alleged that the offense occurred on February 13, 1975. Defendant was arrested on March 27, 1975.

Defendant moved to dismiss as the delay between February 13, 1975 and March 27, 1975, the period between the alleged commission of the offense and the date of arrest, denied him due process of law and the right to a speedy trial. His motion was denied. *Held:*

a. The constitutional guarantee to a speedy trial only becomes operative when one becomes an accused and prosecution commences, be it by formal accusation or where arrest is effected. United States v. Marion, 404 U.S. 307 (92 SC 455, 30 LE2d 468); *Hall v. Hopper,* 234 Ga. 625, 626 (216 SE2d 839). Therefore, as the delay to which complaint is made occurred prior to indictment or arrest, there was no denial of the right to a speedy trial.

b. Dismissal is required for pre-arrest or pre-indictment delay under the due process clause when it is shown, one, the delay caused actual substantial prejudice to defendant's right to a fair trial and, two, that the delay was an intentional device to gain a tactical advantage over defendant. United States v. Marion, supra. The record in this case does not demonstrate an affirmative answer to the above standards. All that has been shown is a 42 day delay and defendant's testimony

that because of this 42 day delay he could not recall his whereabouts on the date of the commission of the crime. There is not the slightest indication that the delay was intended to gain a tactical advantage over defendant.

Judgment affirmed. Clark and Stolz, JJ., concur.

SUBMITTED SEPTEMBER 20, 1976 — DECIDED OCTOBER 26, 1976.

*Paul S. Weiner,* for appellant.

*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellee.