## 55921. CRAVEY v. THE STATE.

BANKE, Judge.

The appellant was convicted of two counts of selling cocaine in violation of the Controlled Substances Act. He alleges on appeal that he was denied his Sixth Amendment right to a speedy trial.

1. The verdict was supported by the evidence. The credibility of the witnesses was for the jury to determine. See Code § 38-1805; *Largin v. State,* 77 Ga. App. 111, 118 (47 SE2d 895) (1948). The defendant's claim that he made

a prima facie showing of entrapment is without merit, since he denied having committed any criminal act. See *Reed v. State,* 130 Ga. App. 659 (1), 661 (204 SE2d 335) (1974).

2. The appellant asserted his speedy trial claim by filing a motion to dismiss a few days before trial. The appellant was both indicted and arrested on April 27, 1976. His trial did not take place until over a year later, on May 16, 1977. At no time did he file a statutory demand for trial or a motion for speedy trial. On the other hand, neither did he move for a continuance or do anything else to delay trial of the case. As reasons for the delay, the state cited only "case log, change of district attorneys, change of office policy," none of which are very persuasive.

Factors to be considered in determining whether such a delay has resulted in the denial of a defendant's right to a speedy trial are "the length of the delay, the reason for the delay, the defendant's assertion of the right, and actual prejudice to the defendant." *Harris v. Hopper,* 236 Ga. 389, 390 (224 SE2d 1) (1976). See Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). The length of the delay is to be determined from the date of arrest or of indictment, whichever comes first. *Harris v. Hopper,* supra (citing Dillingham v. United States, 423 U. S. 64 (96 SC 303, 46 LE2d 205) (1975)); *Armour v. State,* 140 Ga. App. 196 (a) (230 SE2d 346) (1976).

The defendant asserts two grounds of prejudice resulting from the delay in his case. First, he contends that the delay caused him to have a nervous breakdown. Although it is true that an accused who suffers emotional stress while awaiting the disposition of the charges against him is inherently prejudiced (see Moore v. Arizona, 414 U. S. 25 (94 SC 188, 38 LE2d 183); Strunk v. United States, 412 U. S. 434 (93 SC 2260, 37 LE2d 56)), he has some obligation to attempt to alleviate this stress by requesting a speedy trial or filing a statutory demand for trial pursuant to Code § 27-1901. Accord, *Hall v. Hopper,* 234 Ga. 625 (1), 627-628 (216 SE2d 839) (1975). As has already been indicated, neither was done in this case.

The defendant secondly contends that he was prejudiced because a key witness became unavailable to him as a result of the delay. However, there is no

indication in the record as to what information this witness would have offered. The defendant alleges in his brief that the witness would have testified that he (the defendant) was not involved at all in the sale; however, this appears inconsistent with the defense of entrapment which he asserts in his brief.

While this is a close case, both in view of the defendant's failure to assert his desire for a speedy trial in the trial court and his failure to demonstrate any prejudice to the presentation of his defense, we hold that it was not error to deny the motion to dismiss. Accord, *Hall v. Hopper,* 234 Ga. 625 (1), supra; *Dansby v. State,* 140 Ga. App. 104 (1) (230 SE2d 64) (1975). Cf. *State v. King,* 137 Ga. App. 26 (4) (222 SE2d 859) (1975).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED JUNE 5, 1978 — DECIDED JULY 13, 1978 — REHEARING DENIED JULY 31, 1978 —

*John J. Sullivan,* for appellant.
*Andrew J. Ryan, III, District Attorney, Michael K. Gardner, Assistant District Attorney,* for appellee.