## 60456. MADDOX v. THE STATE.

Deen, Chief Judge.

Tony Maddox brings this appeal following his convictions of

four counts of violating the Georgia Controlled Substances Act.

1. Appellant's assertion of the general grounds is without merit. The indictment alleged that Maddox sold cocaine to a certain named individual on May 22, 1979, May 23, 1979 and August 17, 1979, and that he unlawfully delivered cocaine to a named individual on May 25, 1979. The dates were all a material averment of the indictment.

A police detective testified that he purchased cocaine from the accused on May 22, 1979. There was some confusion as to whether the second sale of cocaine took place on May 23 or 24 which apparently stems from the fact that the sale took place around midnight. There was, however, testimony that the sale took place on May 23 as alleged in the indictment. The detective and an undercover agent testified that the agent purchased cocaine from the defendant on August 17. The evidence also showed that the detective met the defendant and his friend "Charles" at a Denny's Restaurant to negotiate the sale of cocaine, but the deal fell through and the defendant's companion gave him a sample of cocaine. Appellant admitted driving his friend to the meeting, but denied having any cocaine that day.

The appellate court must view the evidence most favorable to the jury's verdict. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976). After reviewing the entire record, we are satisfied that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of the defendant's guilt beyond a reasonable doubt. *Laws v. State,* 153 Ga. App. 166 (264 SE2d 700) (1980).

2. The trial court did not err in denying appellant's motion for a directed verdict on the issue of entrapment. Appellant's claim that he made a prima facie showing of entrapment is not supported by the record. He testified that he did not give away or sell cocaine on May 22, that he was only the driver on May 23, that he did not deliver cocaine to the detective on May 25 and that there was no sale made on August 17. As he repeatedly denied his guilt, he never raised the issue of entrapment. *Cravey v. State,* 147 Ga. App. 29 (248 SE2d 13) (1978). Further there was no evidence of entrapment because he never testified that he made the drug transaction as the result of undue persuasion by anyone. See *Robinson v. State,* 145 Ga. App. 17 (243 SE2d 257) (1978).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED OCTOBER 16, 1980.

*Michael E. Hancock, Vernon S. Pitts, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.