## 60563. THE STATE v. HIGHT.

QUILLIAN, Presiding Judge.

The state appeals from the grant of a motion of the defendant for dismissal based upon an alleged violation of his right to a speedy trial. *Held:*

The defendant was arrested for the offense of statutory rape on February 18, 1978. He was indicted on January 15, 1980 and trial was scheduled for February 26, 1980 when defendant filed a motion to dismiss for want of a speedy trial. The length of delay between arrest and indictment was approximately 23 months. The state asks whether this period of delay justifies dismissal of the indictment? We find that it does not and reverse.

At the time of arrest, a suspect becomes an "accused" (Dillingham v. United States, 423 U. S. 64, 65 (96 SC 303, 46 LE2d 205)) and the right to a speedy trial under the Sixth Amendment begins running. United States v. Marion, 404 U. S. 307, 321 (92 SC 455, 30 LE2d 468). Where delay occurs in the investigative stage, before either arrest or indictment, due process standards, not Sixth Amendment standards apply. United States v. Lovasco, 431 U. S. 783, 788 (a) (97 SC 2044, 52 LE2d 752); *Haisman v. State,* 242 Ga. 896, 898 (252 SE2d 397). However, during the accusatory stage Barker v. Wingo, 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101) establishes the criteria to be used in assessing a claim of lack of speedy trial under the Sixth Amendment: (1) length of delay, (2) reason for delay, (3) defendant's assertion of his right, and (4) prejudice to the defendant.

The length of delay between arrest and date of the scheduled trial was slightly more than 24 months. This is a rather lengthy period, but the defendant was not in confinement. The reason for the delay was not certain. The state argued that it could have been delayed for purpose of investigation. However, the investigating officer testified that he completed the investigation and turned over his file to the prosecutor on the day following the defendant's arrest.

The defendant did not assert his right to a speedy trial before the trial was scheduled. It can be argued that a defendant who has been arrested and released but not indicted has no reason to request trial. See Code Ann. § 27-1901 (Code § 27-1901). Our Supreme Court has held that "[w]hile the statute may prescribe a means of asserting one's right to a speedy trial after indictment, appellant has a sixth amendment right to a speedy trial which attached at arrest and could have been asserted thereafter . . . We therefore weigh the defendant's pre-indictment failure to assert [his] right against [him]." *Haisman v. State,* 242 Ga. 896, 898, supra.

This leaves for assessment, the element of prejudice to the defendant. *Barker v. Wingo,* 407 U. S. 514, supra, identified three areas the accused's right to a speedy trial was designed to protect: (1) extensive pretrial confinement — which did not exist here, (2) to minimize anxiety and concern of the accused — which the defendant testifies were present here, and (3) most importantly — to limit the possibility that the defense will be impaired. The record does not support a showing of impairment of the defense.

In determining whether preindictment delay must bar prosecution it has been held that ". . . 'the applicable statute of limitations . . . is . . . the primary guarantee against bringing overly stale criminal charges.' . . . There is thus no need to press the Sixth Amendment into service to guard against the mere possibility that pre-accusation delays will prejudice the defense in a criminal case since statutes of limitation already perform that function." United States v. Marion, 404 U. S. 307, 322-323 (92 SC 455, 30 LE2d 468).

Our Federal courts, citing Marion and Lovasco, supra, have held that "[t]o support a due process claim of unlawful preindictment delay . . . the Supreme Court has made it clear that the defendant must show actual prejudice resulting from the preindictment delay and that the delay was purposefully designed to gain a tactical advantage or to harass the defendant." United States v. McManaman, 606 F2d 919, 922 (1) (10th Cir. 1979); Accord, United States v. Beitscher, 467 F2d 269, 272 (10th Cir. 1972); United States v. MacClain, 501 F2d 1006, 1010 (1) (10th Cir. 1974); United States v. Redmond, 546 F2d 1386, 1388 (1) (10th Cir. 1977) U. S. cert. den. 435 U. S. 995; United States v. Allen, 554 F2d 398, 406 (10th Cir. 1977);

United States v. Revada, 574 F2d 1047, 1048 (10th Cir. 1978); United States v. Radmall, 591 F2d 548 (1) (10th Cir. 1978); United States v. Comosona, 614 F2d 695 (10th Cir. 1977); See also *Armour v. State,* 140 Ga. App. 196 (b) (230 SE2d 346).

The U. S. Supreme Court stated it slightly differently. Since "... the Statute of Limitations does not fully define the appellees' rights with respect to the events occurring prior to indictment . . . the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." United States v. Marion, 404 U. S. 307, 324, supra.

The defendant has not shown that his defense was impaired by the delay and the record is devoid of any evidence that would infer the delay was intentional or taken for the purpose of gaining a tactical advantage over the defendant. See *McClendon v. State,* 237 Ga. 655 (1) (229 SE2d 427); *Washington v. State,* 243 Ga. 329, 332 (253 SE2d 719); *Armour v. State,* 140 Ga. App. 196 (b), supra; United States v. Krasn, 614 F2d 1229, 1235 (9th Cir. 1980); United States v. Pallan, 571 F2d 497, 500 (9th Cir. 1978), Cert. den. 436 U. S. 911.

Under the facts of this case, where the defendant was not in confinement, did not demand trial, has shown no actual prejudice, and the record does not demonstrate the delay was deliberate or taken for purpose of tactical advantage over the defendant, we find the trial court abused his discretion.

*Judgment reversed. Shulman and Carley, JJ., concur.*

Submitted September 16, 1980 — Decided
October 22, 1980.

*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellant.

*Wade Hoyt, III,* for appellee.