### 69840. ANDREWS v. THE STATE.
(332 SE2d 299)

DEEN, Presiding Judge.

In December 1983 a Cobb County jury found appellant William Donald Andrews guilty of aggravated assault and aggravated battery in connection with a shooting incident that had occurred in August of 1980. On the day following the incident, investigating officers, acting on probable cause based on interviews with eyewitnesses, obtained a warrant for the arrest of appellant Donald Andrews and his brother Ronnie Andrews, both of whom had been implicated by the eyewitness testimony. Appellant was not apprehended until September of 1981, or more than a year after the incident. In December of that same year, three months after the arrest, the state dismissed the warrant as against appellant for insufficient evidence to sustain a conviction. The determination of insufficiency of evidence was apparently attributable to some confusion on the part of the witnesses, resulting from the similarity of the brothers' names.

In January 1983, more than one year after the dismissal of the warrant against appellant and approximately two and one-half years after the time of the alleged offense, appellant's brother Ronald was arrested on the August 1980 warrant, and in May of that year an indictment was returned charging both Donald and Ronald with aggravated assault and aggravated battery. A warrant for appellant's arrest on both charges was issued in August 1983, and he was arrested on September 24, 1983. Shortly thereafter he was indicted on a separate and unrelated charge of aggravated assault. The latter charge is not involved in this appeal.

Less than one month after his arrest on the August 1983 warrant, appellant on October 17, 1983, filed a motion to dismiss on the ground that his speedy trial rights had been violated. After a hearing the court denied the motion, and the case went to trial December 12, 1983. After being convicted on both counts, appellant was sentenced to fifteen years and eight months' incarceration, seven years' probation, and restitution in the amount of $10,727.45. His motion for new trial on the general grounds was denied, and on appeal he enumerates five errors pertaining to an alleged abrogation of his speedy trial rights: (1) the trial court erred in holding that actual prejudice must be shown in order to warrant dismissal on speedy trial grounds, and in holding (2) that no prejudice was shown; (3) the court further erred in holding that it was necessary for appellant actually to assert his speedy trial rights in order to obtain dismissal on speedy trial grounds; (4) the court was in error in ruling that speedy trial rights do not attach until the accused is indicted; and (5) the court erred in denying the motion to dismiss the indictment. *Held*:

OCGA § 17-7-170 (a) provides that "[a]ny person against whom a true bill of indictment . . . is found . . . may enter a demand for trial at the court term at which the indictment . . . is found or at the next succeeding regular court term thereafter . . ." The statute further provides (section (b)) that "[i]f the person is not tried when the demand is made or at the next succeeding regular court term thereafter, . . . he shall be absolutely discharged and acquitted of the offense charged . . ."

It is well settled in Georgia law that the protection conferred by the statute, supra, attaches with the formal indictment or accusation. *Hall v. Hopper*, 234 Ga. 625 (216 SE2d 839) (1975). Georgia courts have further held, however, that over and above the statutory provisions, supra, Sixth Amendment rights to speedy trial attach upon arrest, *Natson v. State*, 242 Ga. 618 (250 SE2d 420) (1978); *Haisman v. State*, 242 Ga. 896 (252 SE2d 397) (1979); and, moreover, that the due process clause of the Fifth Amendment also causes these rights to attach coincidentally with arrest. *State v. Hight*, 156 Ga. App. 246 (274 SE2d 638) (1980). Appellant contends that his speedy trial rights attached in August 1980, at the time of the shooting incident, and alleges that the interval between the incident and his being brought to trial in December 1983 constitutes an impermissible forty-month delay which triggers his statutory and constitutional protections.

In Georgia, there are at least six protectors of a person's right to have the state try him within a reasonable time after an offense is committed or be precluded from doing so. One is the statute of limitations with regard to criminal charges. No doubt such Georgia statutes have the same purpose recognized by the United States Supreme Court as related to federal statutes: ". . . 'the applicable statute of

limitations . . . is . . . the primary guarantee against bringing overly stale criminal charges' " and so guards against prejudicial pre-accusation delays. *United States v. Marion*, 404 U. S. 307, 322 (92 SC 455, 30 LE2d 468) (1971). Appellant does not invoke that protection here, nor could he, because it is patent that the indictment was returned within four years of the offenses. OCGA § 17-3-1 (c) (Ga. Code § 26-502). "In criminal cases, the statute of limitation runs (subject to special circumstances) from the time of the criminal act to the time of indictment . . . , not from [the] time of [the] act to time of the trial." *Hall v. Hopper*, 234 Ga. 625, 626, supra.

A second protection is the statute requiring trial of an indictment within two terms of court at which a jury is available, when a demand for trial is made. OCGA § 17-7-170, supra. Again, this statutory device affords appellant no banner because it runs from the return of the indictment or filing of the accusation. Here the indictment was returned in May and defendant was tried in December. Although that was apparently beyond two terms, defendant had not filed a demand for trial and in fact did not want one; instead, in October he had moved to dismiss the indictment for lack of speedy trial, which violation he claimed had already matured.

The third protection is the Constitution of the State of Georgia. The 1976 Constitution was in effect at the time, but defendant did not invoke its guarantees. Although his motion asserts violation of due process of the United States and Georgia constitutions, he fails to specify the section referred to in the latter unendingly long document. He filed no brief to substantiate or specify by citation his superficial state constitutional claim, and he failed to address it at all in the hearing below. Nor has he raised it in any manner in this court. Thus compliance with its tenets is not at issue here. *Belger v. Exchange Bank*, 148 Ga. App. 275 (251 SE2d 22) (1978); *Kent v. Hunt & Assoc.*, 165 Ga. App. 169 (299 SE2d 123) (1983).

Next we come to the United States Constitution. The sixth amendment right to a speedy trial relates to the period of time between the date of arrest, or when formal charges (indictment or accusation) are brought, whichever is earlier, and the date of trial. *United States v. Marion*, supra at 307; *Dillingham v. United States*, 423 U. S. 64 (96 SC 303, 46 LE2d 205) (1975). This applies to state prosecutions as well, through the fourteenth amendment. *Harris v. Hopper*, 236 Ga. 389, 390 (224 SE2d 1) (1976), citing *Klopfer v. North Carolina*, 386 U. S. 213 (87 SC 988, 18 LE2d 1) (1967). In the instant case, the indictment on which defendant was tried was returned August 13, 1983. He was arrested September 24 and tried December 12. In determining whether his sixth amendment right was abrogated, the four-prong test of *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1974), must be applied. *Haisman v. State*, 242 Ga. 896,

supra. There is no necessity to go through each of the factors, since defendant was not complaining that the four-month period between indictment and trial was constitutionally infirm.[1]

The fifth protection would be the speedy trial provision of the Georgia Constitution. At the time, it was contained in Art. I, Sec. I, Par. XI: "Every person charged with an offense against the laws of this State . . . shall have a public and speedy trial by an impartial jury." But it was not invoked even nominally by defendant and for good reason. It would not apply because it becomes "operative when the accused is charged." *Hall v. Hopper*, supra at 626 (citing "Code Ann. § 2-105," referring to the paragraph in the Constitution of 1945 which contained the speedy trial clause).

Now, what defendant did assert below and calls upon here is a sixth protection, the due process clause of the fourteenth amendment of the federal constitution. Although not clearly articulated, the cases cited and arguments made in the trial court and here, and the trial court's ruling, demonstrate this as the primary shield upon which defendant relied.

The United States Supreme Court has held that where the delay occurs in the investigative stage *before* either arrest or indictment, due process, not sixth amendment, standards apply. *United States v. Lovasco*, 431 U. S. 783 (97 SC 2044, 52 LE2d 752) (1977); *United States v. MacDonald*, 456 U. S. 1 (102 SC 1497, 71 LE2d 696) (1982). The latter at pages 7 and 8 repeats the reason that the sixth amendment's speedy trial provision is not applicable: " 'Inordinate delay between arrest, indictment, and trial may impair a defendant's ability to present an effective defense. But the major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused's defense. To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.' " *United States v. Marion*, supra at 320. Although those cases dealt with the fifth amendment due process clause, which applies to federal cases, *Schweiker v. Wilson*, 450 U. S. 221, 226 n. 6 (101 SC 1074, 67 LE2d 186) (1980), our appellate

---

[1] In one case, *State v. Weeks*, 136 Ga. App. 637, 639 (222 SE2d 117) (1975), the court applied the *Barker v. Wingo* tests exclusively and in tandem to a claim under both the federal and the state constitutions. Adopting the same test for the state constitution as the United States Supreme Court fashioned for the federal constitution does not mean that the state guarantee is identical or is to be identically construed. Its meaning is always finally up to the Supreme Court of Georgia. 1983 Georgia Constitution, Art. VI, Sec VI, Par. II (1). *Michigan v. Long*, ___ U. S. ___ (103 SC 3469, 77 LE2d 1201) (1983).

courts have applied the same standard to fourteenth amendment due process claims involving state prosecution. *State v. Hight*, 156 Ga. App. 246, supra; *Armour v. State*, 140 Ga. App. 196 (230 SE2d 346) (1976); *State v. Madden*, 242 Ga. 637 (250 SE2d 484) (1978). In both, the court applied the test which federal courts adhere to for fifth amendment due process cases: did the delay cause actual substantial prejudice to defendant's right to a fair trial? And was the delay an intentional device to gain tactical advantage over the accused?[2]

Relating those questions to appellant's case, he has shown no violation of his right to due process pursuant to the federal constitution by the trial of the charge forty months after the offenses occurred. The explanations for the delay, and the absence of evidence compelling a finding of substantial prejudice, support the trial court's rulings in this case. As said in *United States v. Lovasco*, supra at 790: "But the [federal] Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment. Judges are not free, in defining 'due process,' to impose on law enforcement officials our 'personal and private notions' of fairness and to 'disregard the limits that bind judges in their judicial function.' *Rochin v. California*, 342 U. S. 165, 170 (1952). Our task is more circumscribed. We are to determine only whether the action complained of — here, compelling respondent to stand trial after the Government delayed indictment to investigate further — violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' *Mooney v. Holohan*, 294 U. S. 103, 112 (1935), and which define 'the community's sense of fair play and decency,' *Rochin v. California*, supra, at 173. See also *Ham v. South Carolina*, 409 U. S. 524, 526 (1973); *Lisenba v. California*, 314 U. S. 219, 236 (1941); *Hebert v. Louisiana*, 272 U. S. 312, 316 (1926); *Hurtado v. California*, 110 U. S. 516, 535 (1884)."

The record in the case *sub judice,* including the multiple volumes of transcript, indicates that in the fact situation obtaining here, neither appellant's statutory right to a speedy trial nor any of his constitutional due process or speedy trial rights has been abrogated. Our study of the record persuades us that appellant's speedy trial rights were in no way violated, and that the judgment of the trial court was without error.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

---

[2] According to *United States v. Marion*, supra at 325-326, the prejudice which is referred to is "actual prejudice to the conduct of the defense"; the "real possibility of prejudice inherent in any extended delay" is not enough. In addition to the infirmity of a motive of tactical advantage, *Marion* also points to harassment as a prohibited basis.

Decided April 29, 1985 —
Rehearing denied June 4, 1985 — 

*Jack J. Menendez*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.