70902. NUGIN v. THE STATE.
(334 SE2d 921)

DEEN, Presiding Judge.

Lynn Nevine Nugin appeals from his conviction of burglary following the denial of his motion for a new trial, contending that the trial court erred in denying his motion to suppress identification. *Held*:

The evidence showed that when Timothy T. Tutt returned to his home during the early morning hours of August 19, 1984, he noticed a man standing on the sidewalk in front of the house. Because of the lateness of the hour, he became concerned and drove around the block before parking in front of his house. He immediately noticed that the screen door, which was normally padlocked, was open. Suddenly, a man ran out of the door and down the street. Tutt followed and fired shots at the retreating figure, but he escaped. Tutt telephoned the police and described the burglar as a dark-skinned black male, approximately six feet tall, wearing a red shortsleeved pullover

shirt, green pants, and a cap with a bill in front. Shortly thereafter two officers came to his house, while others cruised the neighborhood in a patrol car in search of the suspect. Within a few minutes, the squad car arrived with appellant in the back seat. He had been picked up while walking about four blocks from Tutt's home and was wearing a red shortsleeved pullover shirt, green pants, and a golf cap. When he got out of the car Tutt identified him as the man he had seen standing in front of his home and later leaving it. At trial Tutt testified that he got a good look at the suspect because the whole area was well lit with street lights and the flood light from a grocery store which was next door, and his front porch light was turned on.

The test for the admissibility of a one-on-one identification is derived from a line of United States Supreme Court decisions which include *Neil v. Biggers,* 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Stovall v. Denno,* 388 U. S. 293 (87 SC 1967, 18 LE2d 1199) (1967); and *Kirby v. Illinois,* 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972). In general, pre-indictment confrontations are to be carefully scrutinized to assure that the procedures employed are not overly suggestive or otherwise conducive to misidentification. If the procedure does not withstand this scrutiny, it offends the principles of due process. *Stovall v. Denno,* supra; *Daniel v. State,* 150 Ga. App. 798 (258 SE2d 604) (1979); *Towns v. State,* 136 Ga. App. 467 (221 SE2d 631) (1975). Assessment of due process is to be made in light of the totality of the circumstances, *Stovall v. Denno,* supra, but the "linchpin" in determining validity is the reliability of the identification. *Manson v. Brathwaite,* 432 U. S. 98 (97 SC 2243, 53 LE2d 140) (1977).

The instant case clearly satisfies the four aspects of reliability enunciated in *Neil v. Biggers,* supra. The opportunity to view requirement is satisfied because the victim had adequate light and time to view the burglar before the suspect was apprehended. The witness' degree of attention requirement is met by the fact that he paid particular attention to the burglar's unusual attire. The third factor, accuracy of the prior description, was clearly met because the appellant was wearing the outfit described by Tutt when he was picked up by the police. As the amount of time between the crime and the confrontation was only 10-15 minutes, the time factor requirement is also satisfied.

As the identification of the appellant was sufficiently reliable, the trial court did not err in refusing to suppress the identification testimony.

*Judgment affirmed. Pope and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I agree and concur fully.

I note that appellant raises solely a federal constitutional claim. He did not invoke the state constitution at any stage, despite the fact that it also provides for the assistance of counsel and for due process of law. Ga. Const. 1983, Art. I, Sec. I, Pars. XIV and I. As to the efficacy of raising state constitutional guarantees separately, see *Davenport v. State*, 172 Ga. App. 848, 850 (2) (325 SE2d 173) (1984) and *Andrews v. State*, 175 Ga. App. 22 (332 SE2d 299) (1985).

DECIDED SEPTEMBER 13, 1985 —

*Benjamin Allen*, for appellant.

*Sam B. Sibley, Jr., District Attorney, James W. Ellison, Assistant District Attorney*, for appellee.