71345. HENDRY v. THE STATE.
(339 SE2d 650)

DEEN, Presiding Judge.

Ronald W. Hendry and a co-defendant were tried by a jury and convicted of armed robbery and aggravated assault. Hendry appeals following the denial of his motion for a new trial.

1. Hendry first assigns error to the trial court's denial of his motion in limine as to identification evidence.

Shortly after the robbery of a convenience store, the employee-victim called the police. He described the incident and the clothing worn by the robbers. Appellant and his companions were apprehended approximately thirty minutes later. The victim was immediately brought to the arrest scene and he identified the four men as the same ones who robbed him. At trial he testified that there was no doubt in his mind as to the identification. Several days later, the victim viewed a photographic lineup at the police station and picked appellant's photo and that of the other robbers from the display. He

also made an in-court identification of Hendry.

The test for the admissibility of a one-on-one identification is derived from a line of United States Supreme Court decisions which include *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Stovall v. Denno*, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199) (1967); and *Kirby v. Illinois*, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972). In *Kirby* it was held that in the identification of a defendant based on a show-up, the primary consideration is whether it was reasonably and fairly conducted at or near the time of the offense. *Boyd v. State*, 168 Ga. App. 246 (308 SE2d 626) (1983). *Brown v. State*, 161 Ga. App. 55 (289 SE2d 9) (1982). After reviewing the testimony, we conclude that the show-up was neither unnecessarily suggestive nor was there a likelihood of misidentification. *Neil v. Biggers*, supra. See also *Nugin v. State*, 176 Ga. App. 38 (334 SE2d 921) (1985).

We also do not find the challenge to the photographic lineup to have merit. There is no evidence to support a contention that the lineup was suggestive or that there was a possibility of misidentification. *Daniel v. State*, 150 Ga. App. 798 (258 SE2d 604) (1979). Whether an array is deemed suggestive depends upon the totality of the circumstances. *Harper v. State*, 251 Ga. 183 (304 SE2d 693) (1983). The claim that the individuals in the photographs had on the same clothing as the individuals the witness saw in the show-up is not in and of itself impermissively suggestive. Even if there was some suggestiveness present in the array, there was an independent basis for the identification and the motion in limine was properly denied. *Byrd v. State*, 173 Ga. App. 449 (326 SE2d 813) (1985).

2. There is no merit to appellant's contention that the closing argument of the assistant district attorney was prejudicial. Four of the six claims of error made during this argument are deemed waived because no objection was raised at trial. *Ehrlich v. Mills*, 203 Ga. 600 (48 SE2d 107) (1948); *Wright v. Wright*, 222 Ga. 777 (152 SE2d 363) (1966). As to the objected to remarks, the assistant district attorney was merely arguing what the evidence had or had not proved: (1) "I believe that the evidence has been presented to you beyond a reasonable doubt"; (2) "Now, I don't think the evidence indicates that at all." We do not find that the prosecutor was expressing his personal opinions as to appellant's guilt, but was merely drawing conclusions from facts proven. See *Hoerner v. State*, 246 Ga. 374 (271 SE2d 458) (1980).

3. In his final enumeration of error, appellant contends that the trial court erred in charging on conspiracy and in giving a confusing and misleading charge.

Appellant first argues that the charge was confusing and improper because there was no evidence presented as to the existence of a conspiracy. We disagree. The jury was presented with evidence of

the involvement of four individuals in a crime and two of them were tried in this case. The state alleged that all four acted together in the commission of the crime and the evidence showed that appellant and the others went into the convenience store where the victim worked. They looked around and asked for some rolling papers. Three of the men grabbed Jackson, dragged him into a storage room and hit him over the head with a bottle. He pretended to be unconscious. The robbers took money and food stamps from the cash register, money from Jackson's wallet, and several six-packs of beer before leaving. We find the evidence justified the charge on conspiracy as the jury was required to decide the involvement of four people in the crime. A defendant may be convicted of a crime as a conspirator even if the conspiracy is not alleged in the indictment. *Osborn v. State*, 161 Ga. App. 132 (291 SE2d 22) (1982).

In arguing this enumeration, appellant also claims that the court's charge on impeachment of a witness was misleading and confusing because the court did not mention the use of prior convictions as a method of impeaching a witness. As appellant did not attempt to use prior convictions to impeach the witness, it was not error for the trial court to adjust the charge to the evidence and omit that portion of the charge on impeachment which refers to the use of prior convictions as one method of impeaching a witness.

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

As to Division 2, although it is my opinion that the use of the words "I believe" and "I don't think" and "I don't believe"[1] are impermissible statements of the personal beliefs of the person making the statements, they do not rise to constitute reversible error in this case even though the court did not directly rebuke the offender. It is, of course, "improper for the district attorney to urge his personal belief . . . as to the defendant's guilt. . . ." *Shelton v. State*, 146 Ga. App. 763, 765 (247 SE2d 580) (1978). The prosecutor may make every effort to persuade, based on the evidence presented to the jury, but he may not do so by adding his opinion to the evidentiary ingredients which the jury must weigh. " 'What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence.' *Floyd v. State*, 143 Ga. 286, 289 (84 SE 971) (1915)." *Conner v. State*, 251 Ga. 113, 123 (303 SE2d 266) (1983). Nor

---

[1] There was no objection verbalized after the latter one, but the court had just instructed counsel, after a similar objection had been voiced, to keep quiet and for the state's attorney to go ahead, and he started off again, "I don't believe." So I would not consider the failure to again object to be a waiver.

may he insert himself as a thirteenth juror, as though the jury must take into account, or even could take into account, the prosecutor's opinion when considering the jurors' own.

However, when the totality of the circumstances is considered, it is not perceivable that the remarks made here were prejudicial and should require a new trial. When the two counsel were bickering about these remarks, the court directed: "Both of you keep quiet." The jury was advised from the very outset that the decision was theirs, from their oath to the voir dire, where the focus was on their impartiality and freedom from pretrial opinion, to the opening statements wherein the prosecutor ended with ". . . we'll present the evidence and leave it for you to decide," to the charge of the court. They were instructed by the court that the indictment and plea "form the issue that you are to try," that the decision was to be based on what the jury believed, and found, that the credibility of witnesses was up to the jury. Throughout the charge, the court repeatedly and pointedly referred to "you" in an exclusive way. Bearing in mind rather than ignoring that the jury is presumed to bring common sense to its task and to employ it in its deliberations, it is inconceivable that the jury was misled by the overreaching remarks made by the district attorney who forgot momentarily that his function was solely as advocate for the state.

DECIDED JANUARY 6, 1986.

*G. Terry Jackson*, for appellant.
*Spencer Lawton, Jr., District Attorney, Virginia A. Erskine, Assistant District Attorney*, for appellee.