A99A0418. HAYES v. THE STATE.
(512 SE2d 294)

ELDRIDGE, Judge.

Raymond H. Hayes appeals a Whitfield County jury's verdict finding him guilty of aggravated sodomy, aggravated child molestation, aggravated sexual battery, and child molestation for acts committed against his minor, adopted daughter. Without challenging the sufficiency of the evidence introduced against him, Hayes raises four alleged errors of law. We affirm his conviction.

1. During closing argument, Hayes' counsel attempted to argue that the victim's allegations of sexual abuse are inconsistent with various statements and actions of the victim. The prosecutor objected to the argument when Hayes' counsel stated: "These are discrepancies and these items, these things are reasonable doubt." The court sustained the prosecutor's objection that reasonable doubt is a determination to be made by the jury after instruction from the court and not to be made by defense counsel.

While it is true that the trial court's role is to instruct the jury on reasonable doubt and that the jury's role is to determine whether guilt has been proven beyond a reasonable doubt, the argument made by Hayes' counsel was appropriate and did not invade the province of either the judge or the jury. "Counsel have every right to refer to applicable law during closing argument (i.e., law that the court is going to give in [the] charge.)." (Citations and punctuation omitted.)

*Davis v. State*, 213 Ga. App. 113, 115 (3) (443 SE2d 638) (1994). Here, Hayes' counsel referred to the law of reasonable doubt and argued that the evidence proved the existence of such doubt. See *Hendry v. State*, 177 Ga. App. 439, 440 (2) (339 SE2d 650) (1986). The trial court's sustaining of the state's objection to the argument was error.

However, "[t]he burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse." (Punctuation omitted.) *Williams v. State*, 221 Ga. App. 291, 296 (470 SE2d 922) (1996).

Here, the record before us contains no transcript of Hayes' entire closing argument. Instead, only those portions of the argument objected to by the prosecutor were transcribed. Consequently it is impossible for us to determine the effect of the trial court's erroneous ruling on the trial as a whole. " 'The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed.' " *McClarity v. State*, 234 Ga. App. 348, 351 (506 SE2d 392) (1998).

Additionally, the State presented substantial evidence of Hayes' guilt, including his written confession to having molested the victim. Moreover, the trial court fully and accurately charged the jury on Hayes' presumption of innocence, the State's burden of proof, and the concept of reasonable doubt. Under these circumstances, Hayes has failed to show that the trial court's error was harmful. *Scott v. State*, 227 Ga. App. 900, 903 (6) (490 SE2d 208) (1997).

2. Hayes gave a statement to Detective S. Plemons of the Whitfield County Sheriff's Office. During the statement, R. Herron, a Department of Family & Children Services investigator, was present and took notes. Investigator Herron's notes contained the information that during *Miranda*[1] warnings and the signing of the waiver form, appellant Hayes stated "he didn't know why he was here, that nothing was going on."

Defense counsel questioned Plemons regarding the contents of Herron's notes. Plemons repeatedly testified that she could not recall Hayes making the statement attributed to him by Herron: "I don't recall. I don't recall him saying that." Defense counsel then asked Plemons, "Well is it possible that he [Hayes] could have signed the form and then said, 'I don't know why I'm here?' " The State objected to the question as calling for speculation. The trial court sustained the objection. Hayes claims error in the ruling. We find no error. The question called for speculation regarding an event that, as far as

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Plemons was concerned, did not happen.

3. During closing argument, defense counsel stated, "[Plemons] allowed that Defendant [Hayes] to pick and choose what he wanted to put in his statement. Now, is there any rhyme or reason to that? Are you going to do something like that?" The trial court sustained a "golden rule" objection. Hayes enumerates such ruling as error. We agree.

"In a classic 'golden rule' argument, jurors are invited to place themselves in the victim's place in regard to the crime itself. However, any argument, regardless of nomenclature, which importunes the jury to place itself in the position of the victim for any purpose must be carefully scrutinized to ensure that no infringement of the accused's fair trial rights has occurred." *Horne v. State*, 192 Ga. App. 528, 529 (2) (385 SE2d 704) (1989). Thus, in a classic "golden rule" argument, the State cannot ask the jurors to put themselves in the *victim's* place. Conversely, we have held that any argument that "asks the jurors to consider the case, not objectively as fair and impartial jurors, but rather from the biased, subjective standpoint of a litigant" would be an improper "golden rule" argument. See *Myrick v. Stephanos*, 220 Ga. App. 520, 523 (472 SE2d 431) (1996), citing 75A AmJur2d, Trial, § 650, p. 260 (1991).[2] Thus, it would appear equally improper for defense counsel to ask a jury to put themselves in the *defendant's* place while deciding a case.

Here, however, defense counsel did not ask the jurors to put themselves in the defendant's place or the victim's place. Counsel's argument asked the jurors to put themselves in the place of a witness, i.e., the detective who took Hayes' statement. Accordingly, the prosecutor's "golden rule" objection was misplaced, and the trial court's sustaining of the objection was erroneous. Nevertheless, we find that due to the overwhelming evidence of Hayes' guilt, it is unlikely that the trial court's erroneous ruling contributed to the verdict. See *McClain v. State*, 267 Ga. 378, 383 (3) (a) (477 SE2d 814) (1996). This enumeration of error is without merit.

4. Hayes alleges error in the trial court's denial of his motion for new trial based upon a claim of ineffective assistance of trial counsel. Hayes contends that his trial counsel was ineffective because he

---

[2] "The 'Golden Rule' argument, suggesting to jurors as it does that they put themselves in the shoes of one of the parties, is generally impermissible because it encourages the jurors to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." 75A AmJur2d, Trial, § 650, p. 260. "It is, of course, highly improper in an argument to the jury to ask that the members place themselves in the position of a party, or to compare the situation of a party with one's own, and we disapprove it. A juror must preserve his objectivity if he is to perform his duty in rendering a fair verdict that will do justice between the parties." *Doe v. Moss*, 120 Ga. App. 762, 767 (172 SE2d 321) (1969).

failed to object to the following testimony, characterized by Hayes as impermissibly bolstering the credibility of the victim: "[Prosecutor:] Now, when she [the victim] was telling you all this, what did she look like? What was her demeanor?" "[Detective Plemons:] Her demeanor, she was very serious, very straightforward. She appeared to be a very strong, tough kid who would stand up for what she thought she believed in, or meet the challenge to whatever she needed to do. She was very straightforward and told me what had happened."

At the hearing on the motion for new trial, Hayes' trial counsel testified that he did not object to the above-referenced testimony because, "[w]ell, my strategy, part of my strategy, was an attempt to show that this young lady had alleged some very severe molestation over a period of time but did not exhibit any signs of trauma, or stress, or emotional duress. And that statement by the detective, in my mind, just kind of bolstered, or enhanced what I was seeking to prove."

(a) The testimony about which Hayes complains was not objectionable as such did not constitute a statement of opinion either as to proof or as to guilt and, thus, did not impermissibly bolster the victim's credibility. See *Najmaister v. State*, 196 Ga. App. 345 (1) (a) (396 SE2d 71) (1990); *Hendricks v. State*, 157 Ga. App. 715, 716 (1) (278 SE2d 453) (1981).

(b) "Informed strategic decisions do not amount to inadequacy under *Strickland* [*v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)]. The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel." (Citations and punctuation omitted.) *DeYoung v. State*, 268 Ga. 780, 785-786 (493 SE2d 157) (1997).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 9, 1999 —
RECONSIDERATION DENIED FEBRUARY 23, 1999.

*Little & Adams, Robert B. Adams*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.