## A01A1763. BROWN v. THE STATE.
(558 SE2d 61)

MILLER, Judge.

Davis Brown was sentenced to 20 years after pleading guilty to robbery by intimidation, aggravated assault, and various other offenses. On appeal Brown contends that the trial court erred in accepting his guilty plea since a counselor who indicated that Brown was competent to make a plea was unqualified to offer such an opinion. We discern no error and affirm.

At his guilty plea hearing, Brown was asked several questions about whether he understood the nature of the hearing and whether he was making his plea voluntarily. The judge listed in great detail the facts surrounding the allegations against Brown. Brown admitted that the judge's recitation of the facts surrounding his arrest were accurate. Brown even expressed remorse for what he had done and offered an apology to one of the victims. He did not deny that he had committed the crimes in question, but offered the explanation that he was high on crack at the time that he had committed them. The court also determined that all of Brown's legal and constitutional rights had been explained to him by his attorney. At no time during the hearing was there any mention of a psychological evaluation of Brown, nor did Brown indicate that he misunderstood anything about his guilty plea or the possible sentence that he could serve for entering such a plea.

A month after the guilty plea hearing, Brown filed a motion to vacate or remold his sentence contending that an unqualified counselor had conducted a mental health evaluation of Brown prior to his guilty plea hearing. This motion was not ruled upon by the court, but

several months later new counsel for Brown moved for an order allowing an out-of-time direct appeal, which motion was granted.

"Before accepting a plea of guilty, the trial court has a duty to ascertain that the plea is made voluntarily and intelligently."[1] An appellate court will not set aside a trial court's factual determination of voluntariness unless such determination is clearly erroneous.[2]

There was evidence here to show that Brown entered his plea knowingly and voluntarily, and we therefore will not disturb the trial court's determination of voluntariness on appeal. To the extent that Brown challenges the acceptance of his guilty plea based on the competence of an alleged counselor who evaluated Brown prior to the guilty plea hearing, such challenge cannot be considered here since the record does not contain any report from the counselor or any other evidence indicating the involvement of a counselor in this case.[3]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 18, 2001.

*Paul W. David*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[1] (Citation omitted.) *Harris v. State*, 167 Ga. App. 153 (1) (306 SE2d 79) (1983).

[2] *Taylor v. State*, 266 Ga. 129 (464 SE2d 385) (1996).

[3] See *Hayes v. State*, 236 Ga. App. 617, 618 (1) (512 SE2d 294) (1999) ("The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed. [Cit.]").